**DAVID H. ANGELI**, OSB No. 020244
  david@angelilaw.com
**KRISTEN L. TRANETZKI**, OSB No. 115730
  kristen@angelilaw.com
Angeli Ungar Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR  97204
Telephone:  (503) 954-2232
Facsimile:  (503) 227-0880

**COURTNEY W. ANGELI**, OSB No. 941765
  courtney@baaslaw.com
**ROBIN BOWERFIND**, OSB No. 035949
  robin@baaslaw.com
Buchanan Angeli Altschul & Sullivan LLP
321 SW 4th Avenue, Suite 600
Portland, OR  97204
Telephone:  (503) 974-5015
Facsimile:  (971) 230-0337

Attorneys for Plaintiff John Doe

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOHN DOE**, | Case No.: 3:15-cv-00617-MO |
| Plaintiff, | |
| v. | **JOHN DOE'S UNOPPOSED MOTION AND MEMORANDUM TO PROCEED UNDER A PSEUDONYM** |
| **THE REED INSTITUTE (aka, Reed College)** and **JANE ROE**, | |
| Defendants. | |

## **LR 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, undersigned counsel certifies that they have made a good faith effort through telephone and email conferences with counsel known to be representing defendant The Reed Institute (a/k/a Reed College) and defendant Jane Roe to resolve the dispute. Reed takes no position as to this motion and reserves all rights in connection with this motion. Jane Roe also takes no position as to this motion and reserves all rights in connection with this motion.

## **MOTION**

Plaintiff "John Doe" ("John") hereby moves this Court to allow him to pursue relief in this matter under a pseudonym to protect his privacy and reputational interests as he seeks redress against "Jane Roe" ("Jane") and The Reed Institute (a/k/a Reed College) ("Reed"). John also seeks to protect the privacy interests of his accuser and, in this effort, requests permission to identify her as "Jane" in all of his public filings. John further seeks a protective order in aid of the Court's ruling that would prohibit Jane, Reed, and Reed's agents from disclosing plaintiff's or Jane's identity to third parties, except as may be necessary to defend this suit.

This motion is supported by the following memorandum of law.

## **MEMORANDUM**

## I.    INTRODUCTION

Plaintiff, John Doe ("John"), was expelled from Defendant Reed College ("Reed") in May 2014, following false and malicious allegations made by his ex-girlfriend Defendant Jane Roe ("Jane") that he sexually assaulted her, and after a fundamentally flawed and discriminatory disciplinary proceeding conducted by Reed. In this action, he seeks to clear his academic and

disciplinary record to remove any erroneous findings issued by Reed, obtain a judicial determination that Reed acted improperly, and recover for his damages caused by Jane's and Reed's illegal conduct.

John's privacy interests are substantial. To date, knowledge of the false accusations, Reed's conduct, and John's expulsion have been confined to a limited number of individuals. Given this limited dissemination of information and John's desire to clear his name, John should be allowed to litigate under a pseudonym to avoid further harm. Moreover, the allegations against John and related factual context are of an extremely private and intimate nature. In addition, John himself was a victim of sexual assault while at Reed, which Reed was deliberately indifferent to in violation of Title IX, and for which John seeks relief as part of his complaint.

Maintaining the confidentiality of John's identity will protect his privacy and reputational interests, guard against the imposition of additional damages, and will not disadvantage Reed, Jane, or the public in any way. Jane and Reed know John's true identity, and thus will not be prejudiced by this motion, and any interest the public may have in knowing John's true identity is outweighed by the need to preserve John's privacy.

For these reasons, as further set forth below, this Court should grant John's motion for leave to litigate this matter pseudonymously.

## II.    BACKGROUND

In bringing this action, John seeks redress for actions taken by Reed in conducting a grievously flawed and discriminatory investigation and adjudication process in connection with false and malicious accusations made by Jane that he sexually assaulted her. The Complaint,

attached hereto as Exhibit A, filed contemporaneously with this motion, and incorporated fully by reference, provides the factual basis on which John seeks relief.

Central to the Complaint is the sexual relationship between John and Jane, who, at all times relevant, were young college students. The highly intimate (as well as salacious and unconventional) details of their sexual relationship are directly at issue in John's suit. As described more fully in the Complaint, after they had been dating seriously for approximately ten months, in July 2013, John and Jane engaged in fully consensual group sexual activity with another woman. Following this encounter, John and Jane continued to date and engage in sexual activities. In March 2014, only after they had broken up and John started dating her friend, did Jane first report to Reed that she had not consented to the July 25th group sex and initiate the disciplinary proceedings against John that resulted in him being labeled a rapist.

As set forth fully in the Complaint, Reed violated its own policies and procedures for the investigation and adjudication of the allegations, as well as federal and state law, and arrived at an erroneous outcome. The detrimental impact of Reed's conduct is substantial, as John now has a black mark on his record stating that he sexually assaulted Jane. Without timely judicial redress, the effects of Reed's conduct are likely to follow John throughout his life, inhibiting or destroying his ability to enroll in a similarly ranked institution and jeopardizing, if not shattering, his future educational and career opportunities. Requiring him to seek relief using his true identity would only further exacerbate the harm arising from Reed's and Jane's illegal conduct.

### III.    ARGUMENT

Although Federal Rule of Civil Procedure 10(a) requires that a complaint state the names of all parties, a district court has the discretion to allow a party to litigate under a pseudonym to

protect a person from "harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981) (collecting cases).  The Ninth Circuit has set forth the applicable legal standard for allowing parties to proceed anonymously in this district. Specifically, the Ninth Circuit held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I through XXXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (hereinafter *Advanced Textile*).

Applying the balancing test set forth above, courts have allowed plaintiffs to proceed anonymously in a variety of cases, including "when identification creates a risk of retaliatory physical or mental harm"; "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature'"; and "when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'"  *Id.* at 1068.  Cases involving social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of plaintiff's identity also provide grounds for plaintiffs to proceed anonymously.  *See, e.g., Doe v. Blue Cross Blue Shield of Rhode Island*, 794 F.Supp 72, 73 (D.R.I. 1992).

Courts in other districts have allowed similarly situated plaintiffs to proceed anonymously.  In *Doe v. Univ. of the South*, 687 F.Supp.2d 744 (E.D. Tenn. 2009), for instance, the court upheld the Order of a United States Magistrate Judge granting pseudonymity to a student who had been expelled by his undergraduate school following allegations of sexual misconduct and a flawed disciplinary proceeding.  In granting the plaintiff's motion, the court found relevant the following factors: that no criminal charges were filed, that there was no public

record of the accusation, the loss of anonymity due to electronic filing, and that the allegations were "of the utmost intimacy." *Id.*, No. 4:09-cv-62, Memorandum and Order (E.D. Tenn. 2009 Aug. 7, 2009) (Lee, U.S.M.J.). *See also Doe v. University of Montana*, 2012 WL 2416481 (D. Mt. June 26, 2012) at *4 (permitting redaction of student names in Title IX case against university brought by alleged perpetrator of sexual assault because "the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names.").

As set forth below, this case involves the "special circumstances that justify secrecy" because John's substantial privacy interests will not prejudice defendants and outweigh the public's interest in disclosure. *Advanced Textile*, 214 F.3d at 1067; *see also United States v. Doe*, 655 F.2d at 922 n.1.

### A.  John Doe's Need to Proceed under a Pseudonym is Significant.

Anonymity is necessary here not "merely to avoid the annoyance and criticism that may attend litigation," but to preserve John's "privacy in a matter of sensitive and highly personal nature." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Advanced Textile*, 214 F.3d at 1068. The factual context of the case involves John's intimate sexual history, including sexual activities with multiple partners (including simultaneously). Courts have recognized that "[o]ne's sexual history and practices are among the most intimate aspects of a person's life." *Doe v. Diocese Corp.*, 647 A.2d 1067, 1071-72 (Conn. Super. Ct. 1994). *See also EW v. New York Blood Center*, 213 F.R.D. 108, 113 (E.D.N.Y. 2003) (allowing plaintiff to proceed by pseudonym after having contracted Hepatitis B as a result of a blood transfusion, since the case would likely delve into plaintiff's sexual history given that Hepatitis B is a sexually transmitted disease); *Blue Cross Blue Shield of Rhode Island*, 794 F.Supp at 73 ("[T]his Court is highly

cognizant of the highly sensitive and personal nature of each person's sexuality…. [and] will not strip plaintiff of the cloak of privacy….").  Pseudonyms for John (and Jane) are thus necessary to protect these issues of "utmost intimacy" and guard their privacy and reputational interests.

Beyond these privacy concerns, the district court must also examine whether the very "injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981).  Being accused of a sexual assault bears a strong stigma to say the least.  To date, John's identity has remained generally confidential.  Jane never lodged a criminal complaint against John and knowledge of the allegations, the disciplinary proceeding, and John's expulsion has thus far been confined to a limited number of individuals.  The disciplinary records are confidential, *see generally* 20 U.S.C. § 1232(g) ("FERPA") (protecting the privacy interests of student education records), and John has taken personal steps to remain anonymous as possible.  Not only does the limited dissemination of information militate in favor of maintaining the status quo and allowing the use of pseudonyms, *see, e.g., Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006) and *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 470 (E.D. Pa. 1997), identification of John now would defeat the very purpose of this lawsuit.

In bringing this suit, John seeks to clear his name of the false allegations and obtain a judicial determination that Reed acted improperly.  Inclusion of his actual name would result in the public association of his name with Jane's false and egregious allegations of sexual assault, thereby "vitiating" a primary purpose of the lawsuit. *See, e.g., Rostker*, 89 F.R.D. at 161-62; *Roe v. Ingraham*, 364 F.Supp. 536, 541 n.7 (S.D.N.Y. 1973).  This risk is all the more cogent because of the advent of electronic filings and dockets and the ubiquity of search engines like Google. *See, e.g.,* Jodi Kantor, *Lawsuits' Lurid Details Draw an Online Crowd*, N.Y. TIMES, Feb. 22,

2015 (available at http://www.nytimes.com/2015/02/23/us/lawsuits-lurid-details-draw-an-online-crowd.html?_r=0) ("Intimate, often painful allegations in lawsuits – intended for the scrutiny of judges and juries – are increasingly drawing in mass online audiences far from the courthouses where they are filed."); *New York Blood Center*, 213 F.R.D. at 112-13 (acknowledging that the "modern invention of today includes access to court files by those surfing the Internet").  If forced to prosecute the case in his own name, such disclosure would serve only to augment the harm resulting from Jane and Reed's improper actions, and forever link his name on the Internet with a heinous sexual offense.  Under such circumstances, pseudonymous litigation is necessary and appropriate, and no less drastic measures would accomplish such a purpose.

Additionally, John seeks relief from Reed not just for its mishandling of Jane's allegations but also for Reed's deliberate indifference, in violation of Title IX, of his own sexual assault while a student at Reed.  John has a special need for anonymity as a victim of sexual assault.  *Doe 140 v. The Archdiocese of Portland in Oregon,* CV. 07-1733-PK (Opinion and Order, February 26, 2008) at *6 (allowing plaintiff to proceed under pseudonym because "public knowledge of [sexual] abuse can trigger new trauma")*; Globe Newspaper Co. Inc. v. Clerk of Suffolk County Superior Court*, No. 01-5588*F, 2002 WL 202464, at *6 (Mass. Super. Feb. 4, 2002) ("for many victims of sexual abuse . . . public revelation of the abuse, if not sought by them, victimizes them yet again.").  The names of rape victims are regularly shielded from the public.  *See, e.g., Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses"); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa 2001) (granting anonymity to sexual assault victim).  *See also* Or. Const. art. I, § 42(l)

(constitutionally mandating protection to "to accord crime victims due dignity and respect …"). John's name should accordingly be shielded here for this additional important reason.

### B. Jane Roe and Reed Will Not Be Prejudiced by John Proceeding under a Pseudonym.

Maintaining John's (and Jane's) privacy will not prejudice Jane or Reed in their defense of this lawsuit.  Although the district court is to consider potential "prejudice to the opposing party" of a plaintiff proceeding under a pseudonym, this factor has come into play in the reported cases usually when the defendant does not know the plaintiff's identity and argued that discovery will be difficult or impossible.  *See, e.g., Advanced Textile*, 214 F. 3d at 1072; *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001).  Here, there will be no prejudice to Reed or Jane, as both know John's (and Jane's) true identity and can proceed with discovery informed with that knowledge.  *See also Doe 140 v. The Archdiocese of Portland in Oregon,* CV. 07-1733-PK (Opinion and Order, February 26, 2008) at *6 ("the prejudice that defendants would face if John were permitted to proceed anonymously is significantly lesser, and largely amendable to mitigation. Defendants are already cognizant of John's true identity, and discovery has been proceeding."); *New York Blood Center*, 213 F.R.D. at 112 (finding defendants would incur no prejudice in conducting discovery or trying the case if plaintiff proceeding using a pseudonym because defendant already knew plaintiff's name).

Additionally, John seeks to likewise cloak Jane, his accuser, with secrecy.  He asks that she also be referred to by a pseudonym in public filings.  In short, John does not ask for any protection that he is not also willing to afford Jane in terms of privacy.

### C. John Doe's Need to Proceed under a Pseudonym Far Outweighs Any Interest the Public may have in Knowing John's Identity.

Maintaining John's (and Jane's) privacy also outweighs any interest the public may have in knowing their true identities. Although the district court is to consider "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities," *Advanced Textile*, 214 F.3d at 1068, the Ninth Circuit has cautioned that this is a balancing test and that a party should be allowed to proceed anonymously when their need for privacy is greater that the public's interest. Given the facts of this case, there is an "atypically weak public interest in knowing the litigants' identities . . . ." *Del Rio*, 241 F.R.D. at 157. The primary focus here is on the conduct of Reed, specifically its investigatory, prosecutorial, and adjudicative processes, which produced an administrative record that must be examined in light of Reed's own regulations as well as applicable federal and state law. Given the nature of the case, "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

The public interest in the important issues raised by the case (e.g., how a university should handle allegations of sexual assault on campus and what due process rights must be afforded the accused) would not be greatly impaired by protecting John's identity. Moreover, there is nothing particular about John's status that warrants heightened public interest. He is just a college student seeking the due process rights that should be afforded to any other student at a university or college. The public will know everything else about the case, other than his and Jane's identities, as John is not seeking to place the entire case under seal.

Indeed, "the public's interest in seeing the important issues of the case resolved on their merits . . . .would be significantly furthered by permitting this plaintiff to go forward under a pseudonym", which is the only available mechanism to protect his confidentiality and preserve a critical component of the relief sought, as discussed above. *See Doe 140 v. The Archdiocese of*

PAGE 10 – JOHN DOE'S UNOPPOSED MOTION AND MEMORANDUM TO PROCEED
       UNDER A PSEUDONYM

*Portland in Oregon,* CV. 07-1733-PK (Opinion and Order, February 26, 2008) at *6.  If John's only other avenue of recourse is to proceed in his own name and sustain further humiliation, tarnish his reputation, disclose intimate details, be the target of public denigration due to Reed's erroneous findings and Jane's malicious lies, and face further damages, it may deter him from pursuing his suit.  The impact of this chilling effect may also extend beyond John, to other similarly situated individuals who are forced to turn to civil courts to protect their rights and preserve their reputations.  As such, there is significant public interest in support of permitting John to proceed anonymously.

D.  **The Court Should Issue a Protective Order to Prohibit Disclosure of Plaintiff's Identity**.

Should the Court grant John's leave to proceed under pseudonym, it should also issue a protective order in aid of its ruling that would prohibit Jane, Reed, and Reed's agents from disclosing plaintiff's identity to third-parties, except as may be necessary to defend this suit.  *See Advanced Textile*, 214 F.3d at 1069 ("In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its power to manage pretrial proceedings, *see* Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, *see* Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.  It may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit.")

## IV.    CONCLUSION

For all the foregoing reasons, the Court should grant plaintiff's motion to proceed under a pseudonym and grant plaintiff permission to identify his accuser as "Jane Roe" in all of his public filings.  The Court should further grant a protective order in aid of the Court's ruling that

would prohibit Jane, Reed, and Reed's agents from disclosing plaintiff's or Jane's identity to third-parties, except as may be necessary to defend this suit.

DATED this 14th day of April, 2015.

ANGELI UNGAR LAW GROUP LLC

By:   s/ David Angeli
      David H. Angeli, OSB #020244
      Kristen L. Tranetzki, OSB #115730
      Telephone (503) 954-2232

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP

      Courtney W. Angeli, OSB #941765
      Robin Bowerfind, OSB #035949
      Telephone (503) 974-5015

      Attorneys for Plaintiff John Doe