**Paula A. Barran**, OSB No. 803974
pbarran@barran.com
**Richard C. Hunt**, OSB No. 680770
rhunt@barran.com
**Damien T. Munsinger**, OSB No. 124022
dmunsinger@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendant The Reed Institute

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| JOHN DOE,<br><br>                              Plaintiff,<br><br>        v.<br><br>THE REED INSTITUTE (aka, Reed College)<br>and JANE ROE,<br><br>                              Defendants. | **CV. 3:15-cv-00617-MO**<br><br>DEFENDANT THE REED<br>INSTITUTE'S ANSWER AND<br>DEFENSES |

For its answer to the First Amended Complaint, Defendant the Reed Institute ("Reed" or "Defendant") admits, denies and alleges as follows.

## I.    INTRODUCTION

1. Defendant denies that it violated any law or committed any wrong towards Plaintiff and denies that he is entitled to any relief. Plaintiff, who had been disciplined for misconduct even before Roe's complaint, repeatedly admitted -- orally and in his own writings -- that he had

Page 1 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

committed serious violations of important Reed policies. His admissions were made during investigations into reports and complaints about him and in disciplinary proceedings involving Plaintiff and they include his personal interviews, written responses, and statements during the Judicial Board hearing that followed Roe's complaint.

a. Doe Admitted: Making an "error in judgement" by providing Xanax and alcohol to a younger student (not Roe), which actions he took "without thinking responsibly" and which had "negative consequences" for the younger student. In recognition that this younger student was apprehensive about taking the multiple doses of the drug he was urging on her, Doe admitted he had encouraged her "to take them all" because "she would feel little to nothing if she only took one or two." He admitted that "I repeatedly encouraged her not to worry and that she would be fine taking them all, which I acknowledge was a mistake."

b. Doe Admitted: Providing Xanax to other students while they were also consuming alcohol, knowing that Xanax should not be taken with alcohol, and knowing that the students to whom he distributed the drug were "taking illegal drugs." He admitted to making a "major error in judgment" because "I am not a licensed medical professional and not qualified to distribute Xanax since it affects everyone differently" but he justified doing so by stating that "as pathetic as it sounds, I was largely trying to impress this group of people and get them to like me more by being the 'cool friend' who facilitates a fun night."

c. Doe Admitted: Acquiring and distributing an illegal and dangerous drug, MDMA (otherwise known as Ecstasy or Molly) to Roe as well as to others, which drug was taken with alcohol.

d. Doe Admitted: Providing alcohol to underage students.

e. Doe Admitted: Sending Roe messages (including threats) which he concedes

Page 2 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

were statements of anger, retaliatory statements, and statements he intended to upset Roe. He personally described his statements as "undeniably atrocious" and as "disgusting, disrespectful, and chauvinist to an extreme extent," and he concedes they were the result of his having been "blinded by frustration and anger." He admits they were in violation of Roe's trust and respect, and concedes he had no excuse. Doe's statements include:

    i.   "I will show you just how lonely life can be at Reed,"

    ii.   "don't fuc* with me, however, and I won't fuc* with you. At least, not after tonight…,"

    iii.   "I am going to crush you stupid little girl,"

    iv.   "This time I am playing to win,"

    v.   "This time you are going to learn a lesson: you don't want to be on my bad side…"

    vi.   "You will be the most miserable person at reed by the end of the semester, I can promise you that,"

    vii.   "Fuc* you and I am looking forward to this game,"

    viii.   "You dirty little cun*,"

    ix.   "Take your mediation and shove it up your nasty hairy twa*,"

    x.   "I just like making you nervous,"

    xi.   "Remember how miserable you were before you met me? Well honey that ain't nothing compared to what you got comin to ya."

f.  Doe Admitted: *Telling Roe that he intended to "share all my stories about you with my friends," by which he meant the personal, private and sensitive information Roe had shared with him during their relationship.*

g.  Doe Admitted: Punching a hole in Roe's furniture in anger.

h.  Doe Admitted: Threatening to use Reed's Honor Principle to charge Roe because he was angry at her, and wanted her to be nervous about the threat, even though he did not intend to make such a charge.

i.  Doe Admitted: Violating Reed's Honor Principle.

j.  Doe Admitted: Using alcohol and controlled substances including cocaine.

Page 3 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

k. Doe Admitted: Obtaining and retaining a sexually explicit video of Roe, which he had in his possession until he was ordered by Reed to delete it from his cell phone.

l. Doe Admitted: Violating Roe's privacy.

m. Doe Admitted: Initiating a sexual encounter where all participants were "under the influence of Molly."

n. Doe also expressed his disagreement with Reed policies, including the sexual assault policy and its provisions that instruct students that under Reed policies, ingesting impairing substances renders consent void.

These were just Doe's admissions to Reed during its investigations into Doe's conduct. In addition to the conduct that Doe admitted, Reed also reasonably found that Doe violated other policies and engaged in other misconduct for which disciplinary action was warranted.

2. Doe was properly disciplined and expelled from Reed for these and other violations, which justified that sanction. His conduct, even without taking into consideration Roe's accusations of sexual misconduct, would have resulted in his expulsion. Additionally, after Doe's expulsion Reed became aware of still more acts of misconduct which, individually and collectively, would also have independently justified the sanction of expulsion.

3. Doe was afforded fair and equitable treatment which included more than one investigation. As specific to Roe's complaint against him, Doe was interviewed, was provided a full opportunity to provide information, participated in a formal hearing with witnesses, took advantage of a review by the Vice President and Dean of Student Services, made an appeal to the college's Appeals Board and made a final appeal to the President. Contrary to Reed procedures Doe submitted information he characterized as "new" evidence at the final appeal and Reed allowed those submissions and fully considered them. At each stage the decision makers concluded that by his conduct Doe had forfeited the right to be a member of this private college's

Page 4 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

academic community.

4. Doe requests relief that is beyond the authority of this court and improper:

a. A reviewing court may not second-guess the disciplinary decisions of private educational institutions and must afford broad discretion to their decisions as to how to further their educational and doctrinal responsibilities.

b. Doe's demand that Reed alter his academic and disciplinary record, expunge his record, and confirm the removal of disciplinary findings against him would be in violation of the federal and state Constitutions in that it would compel persons to make statements when they have a protected constitutional right not to make such statements.

c. Doe's demand that a person at Reed provide a "notarized letter" confirming charges have been expunged would require such a person to swear falsely or to imply, falsely, that Doe was not disciplined or did not merit discipline, and would result in compelled speech, which would be in violation of the federal and state Constitutions. Such a representation would also present a clear danger to other institutions which might rely on such statements and admit Plaintiff as a student, which would allow him to continue his dangerous conduct and place others in harm's way.

d. Doe's demand that Reed be required to re-enroll Doe after his withdrawal and expulsion would represent an unconstitutional intrusion upon the freedom of association of the members of Reed's academic community.

e. Doe's demand that Reed be required to re-enroll Doe would be futile in that he would immediately be subject to investigation and charges for the additional misconduct discovered after his expulsion and would be subject to expulsion for that misconduct.

00510915.3

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

f.  Doe's demand for punitive damages as a remedy for his claim of defamation and any other speech is in derogation of the state and federal Constitutions and forbidden by longstanding principles of Oregon law.

g.  While Reed takes no position at this time on Doe's wish to proceed under a pseudonym, Reed does so only because of Doe's decision to sue the complainant, who Reed believes should not be identified. Reed states, however, that Doe has no legal right to proceed under a pseudonym and believes that his doing so will inevitably hinder Reed's discovery in this case. Reed will at an appropriate time request the court to require Doe to proceed under his given name.

## II.  THE NATURE OF THIS ACTION

5.  In response to Plaintiff's description of the "nature of this action" Reed responds as follows.

6.  Reed admits paragraph 1 and 28.

7.  Answering paragraphs 2-7, Reed states that the history of the relationship between Doe and Roe is within their personal knowledge and not Reed's. During disciplinary proceedings against Doe, Reed was privy to evidence related to that relationship but does not have personal knowledge sufficient to respond in detail to the allegations, and for that reason denies paragraphs 2-7, except that Reed admits that the person identified as AM is a Reed graduate, and except that Roe complained to Community Safety in March, 2014.

8.  Answering paragraph 8, Reed states that it understands this allegation to be made against Roe, and that no response from Reed is required. However, if response is required Reed states that on the evidence before it, Reed reasonably concluded that this accusation by Doe (that Roe's complaint was false and otherwise improper) is unfounded and lacking in merit, and Reed denies paragraph 8.

9.  Reed denies paragraph 9-22, except that Reed admits as follows:

Page 6 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

a. As an institution of higher education Reed is deeply concerned about sexual assault and alcohol and drug use within its student body. Consistent with its responsibilities to address campus sexual assault, and in accordance with the guidance of federal law and agencies, and the advice of knowledgeable and trusted experts, Reed students, faculty and administrators have put in place policies and procedures which fairly address those important issues, and which also address the kind of victim-shaming, victim-blaming, revenge porn, and other mistreatment that has contributed to a significant under-reporting of campus crime, and which was and is a hallmark of Doe's responses to complaints against him. In further response to paragraph 9, Defendant states that Plaintiff's allegation that Defendant has a permissive culture and purportedly weak sexual assault policies is false, and is known by Plaintiff to be false. Plaintiff is personally aware of Defendant's enforcement of its policies, and is also aware of enforcement against others because Defendant's enforcement statistics are published in accordance with the requirements of the Clery Act and are publicly available in the published Annual Security Report, a report that provides data showing strong and consistent enforcement of Defendant's policies.

b. Reed provided Doe with written notice of its complaint process.

c. Reed accepted, heard, and considered the credibility and weight of evidence Doe offered in his defense including his belatedly offered witness statements. In further response to paragraph 11, Reed states that it fully considered AM's statement as well as earlier information she had provided during the investigation. In further response to paragraph 13, Reed states that Doe has deliberately misrepresented the content of the statement that ML provided. Doe's misrepresentation contributes to an inflammatory narrative, but it also

00510915.3

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

compromises the truth and accuracy of the pleading.

    d. Reed provides students with information about its fair and impartial investigation and adjudication.

    e. Reed did not discipline Roe or AM. In further response to paragraph 22, Reed states that no complaint was filed against either Roe or SL.

10. Reed denies paragraph 23, except that Reed admits and states that:

    a. Consistent with current federal requirements, it properly applies an evidentiary standard of "preponderance of the evidence" in determining violations of its sexual misconduct policy.

    b. Pursuant to its policies which were developed over years and consistent with the nature of the Reed academic community, students participate in adjudications of sexual misconduct at the hearing level; however, Reed further states that it has a robust appeal procedure and all recommendations are reviewed with the final determination made by the president of the college.

    c. Its president, John Kroger, is a former federal prosecutor. In further response to the allegations of paragraph 23, Reed states that President Kroger's experience includes service in the United States Marine Corps, two degrees from Yale University, a law degree from Harvard Law School, government service, prosecutions of homicide and organized crime, participation in the investigation and response following the World Trade Center attacks, assisting in the investigation of potential terrorist cells, appearances before the United States Supreme Court, teaching, writing, and many other professional and academic contributions.

    d. Plaintiff was at all times free to transfer from Reed to a college where he found the environment more to his liking if he did not respect Reed's leadership or

Page 8 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

disagreed with its policies.

11. Reed denies paragraphs 24-25.

### III. THE PARTIES

12. Answering paragraph 26, Reed states that it is without personal knowledge of Doe's residence and for that reason denies paragraph 26, except that Reed admits that Doe was a full time student at Reed College commencing in 2010 and that Doe was expelled in 2014. Reed further states that before he was expelled, Doe initiated a leave of absence and withdrawal, citing his "family situation", "financial reasons", "to work", and "need a break" as well as that he was "unfairly villainized/slandered by the Honor Process" and that at the hearing Doe announced he was withdrawing from Reed College for personal and financial reasons as well as to make a statement.

13. Answering paragraph 27, Reed states that to the best of its knowledge Roe is a resident of Oregon. Reed admits that Roe is and has been a student and is presently completing her education at Reed College on a full time basis.

14. Answering paragraph 29, Reed admits that it has been highly ranked in publications and that it is an academically and intellectually rigorous institution, but states that it is without knowledge of the source of the Doe's descriptions that it is "among the most elite" and for that reason denies that allegation.

15. Answering paragraph 30, Reed states that its agents, servants, employees and representatives generally act within the course and scope of their responsibilities, but states further that Doe has not identified any specific activities to which he refers, so that Reed is able to respond only generally. If Doe intends to state that Reed agents, servants, employees and representatives committed some wrong within the course and scope of their responsibilities, Reed denies such allegation.

//

Page 9 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## IV. JURISDICTION AND VENUE

16. Answering paragraphs 31-34, Reed admits that this court has jurisdiction of the claims asserted and that venue is proper in the District of Oregon. Reed states, however, that by doing so it does not agree that Doe has valid claims or that its acts or omissions were wrongful.

## V. FACTUAL BACKGROUND

17. Reed is without personal knowledge sufficient to permit it to admit paragraphs 35-39 and therefore for that reason denies them. Reed states, however, that Doe presented sufficient material related to his background before 2010 during the application process to cause it to admit him to the school. In further response to paragraphs 35-39, Reed states that after Doe matriculated at Reed he discontinued any record of accomplishments, fell short of Reed's academic expectations, was placed on academic probation, and refused to meet acceptable standards of conduct and behavior.

18. Answering paragraphs 40-43, 45-47 and 91-102, Reed admits that its various policies appear in various publications and electronic locations and are disseminated in various ways to incoming and enrolled students. Reed states further that its policies are under constant review to ensure that they are in compliance with the law, that they change from time to time, and that its policies include notices of nondiscrimination. In response to the remaining allegations of paragraphs 40-47 Reed states that its policies are detailed and complex and that Doe's summaries are not fairly representative of the full scope of these policies, and that Doe legally mischaracterizes the policies as warranties. Reed also states that its policies and policy statements are more accurately and completely identified by the actual policies and statements rather than by Doe's incomplete summaries of them, and for those reasons denies paragraphs 40-47 except as admitted herein.

19. Answering paragraph 44, Reed states that it is without personal knowledge of the state of Doe's mind or his intentions at the time he accepted admission to Reed, and further states

Page 10 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

that his actions following his matriculation were inconsistent with those allegations and for those reasons denies paragraph 44.

20. Answering paragraphs 48-51, Reed states that it is without personal knowledge of the details of the development of the relationship between Doe and Roe and therefore denies paragraphs 48-51.

21. Reed denies paragraph 52. In further response to paragraph 52, Reed states that well before Doe matriculated, Reed had taken assertive steps to enforce its alcohol and drug policies. Following Doe's matriculation, Reed enforced those policies against Doe on more than one occasion, including when he distributed dangerous drugs to other students and caused harm to a younger student. Reed warned Doe about his conduct and disciplined him for his drug-related activities. Doe repudiated Reed's policies and, in spite of warnings, continued to distribute illegal and dangerous drugs to Reed students. That conduct was, in part, a basis for his expulsion.

22. Answering paragraphs 53-84, Reed states that it is without personal knowledge of the events at a party during the summer recess in 2013 or the developments in the relationship between Doe and Roe thereafter. Reed further states that Doe's allegations are not consistent with the facts presented or as found during the steps of the disciplinary process following Roe's complaint. Reed accordingly denies paragraphs 53-84. In further response to paragraphs 53-84, Reed asserts that the findings resulting from its disciplinary process accurately reflect credible evidence that it received about the events on or about July 25, 2013 and thereafter, and are the reasonable and good faith conclusions of the disciplinary process.

23. Reed denies paragraphs 85-89, except that Reed admits that on March 8, 2014 Roe requested a meeting with Granger, that there was a no contact order but that contrary to the implication of the complaint it was a mutual order, and that Roe provided information about Doe's showing a sexually explicit video of her without her consent. In further response to

00510915.3

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

paragraph 85, Reed states that Roe also provided the name of a witness who could identify the persons who had seen the sexually explicit video, and that Roe identified her concern about Doe's possession of a gun. In further response to paragraph 86, Reed states that while the email requesting a meeting did not describe a sexual assault, Roe promptly provided extensive information about a sexual assault when she met in person with Granger approximately three days later.

24. Answering paragraph 90, Reed states that Plaintiff has misrepresented the communication and for that reason denies paragraph 90. In further response to paragraph 90, Reed states that Plaintiff is aware that Roe told Granger that "she agreed to consider a police report, but did not want to make one at the time." Plaintiff's assertion, which implies that Roe said she did not want to make a police report at all, is deliberately inaccurate, apparently designed to cast unwarranted doubt on Reed and its investigator's bona fides or to create an exaggerated narrative that would be attractive to the media.

25. Reed denies paragraphs 103-105, and 107.

26. Reed denies paragraphs 106 and 108, except that Reed admits that it notified Doe on April 3, 2014 that a formal complaint had been filed. In further response to paragraphs 106 and 108, Reed states that it properly conducted its initial investigation following recommended procedures, and that notification to Doe promptly followed the April 2, 2014 filing of the formal complaint, in accordance with Reed's policies.

27. Reed denies paragraphs 109-113, except that Reed admits that Granger commenced and continued an investigation following his meeting with Roe, that he interviewed potential witnesses and searched for pertinent documents, and that he contacted local police to consult regarding the sexually explicit video that Doe had obtained of Roe. Granger received evidence during his investigation that Doe had displayed the sexually explicit video to two persons without Roe's consent, and Doe's equivocations about whether he had shown the video to others

00510915.3

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

supported the credibility of that evidence. Granger also properly investigated to determine whether Roe might have uploaded the video to Reed's computer system in addition to storing it on his personal media devices. In further response to paragraphs 109-113, Reed states that it is without personal knowledge sufficient to admit or deny whether Doe destroyed all copies of the sexually explicit video he had kept of Roe. Doe, at Granger's demand, deleted the video from his cell phone, but Doe admitted to Granger that he might have made a backup copy or copies of the video.

28. Reed denies paragraphs 114-125, except that Reed admits that Granger properly conducted an investigation which included witness interviews, gathered information that was available to him, and evaluated that information.

29. In further response to Paragraphs 114-125, Reed denies "failing" to interview witnesses and states that at least one person who might have had information declined to speak to Granger, as that person had a right to do.

30. In further response to paragraph 121, Reed states that the potential witness, ML, had previously refused to cooperate with Granger and did not respond to his inquiry this time either. In further response to paragraph 121, Reed states that throughout all the disciplinary proceedings including the appeal, ML has never said that Roe twice invited her to join "the group sexual activity."

31. In further response to paragraph 122, Reed states that Plaintiff misrepresents the investigation by stating that Granger never interviewed anyone regarding Roe's motives. Plaintiff is personally aware that his assertion is false because Granger interview him regarding Roe's motives. In his interview Doe volunteered information about Roe's motivation, and Granger asked him why he believed Roe would be motivated to make such a report. Although Plaintiff is aware that he and Granger had this discussion during the investigation, he deliberately misrepresents that "Granger never interviewed *anyone*" (Doe's emphasis) regarding this subject.

Page 13 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

In addition to interviewing Doe about possible motivation, Granger also interviewed Roe, asking what had changed that resulted in her making the report. In response to that questioning, Roe credibly explained that she had been prompted to make a report because she learned of the showing of the sexually explicit video and was convinced that Doe had intended to take advantage of her, and that he would continue to take advantage of others unless held accountable.

32. Reed denies paragraph 126. In further response to paragraph 126, Reed states that Plaintiff inaccurately describes the communication between Granger and Roe. On March 31, 2014 consistent with Reed's obligations under federal law, Granger encouraged Roe "to *consider* filing a complaint as soon as possible *if she intended to do so*." (Emphasis supplied).

33. Reed denies paragraph 127, except that Reed admits that Plaintiff has accurately excerpted a few words from Roe's complaint. In further response to paragraph 127, Reed states that Plaintiff's allegation is not a fair representation of Roe's complaint which exceeds two pages, printed in single spacing.

34. Reed denies paragraph 128, except that Reed admits that Roe alleged Plaintiff violated the No Retaliation Clause of the No Contact Order.

35. Reed denies paragraph 129, except that Reed admits that Roe's formal allegations referenced emotional and verbal abuse and trauma. In further response to paragraph 129, Reed states that Plaintiff is aware that in October 2013 Roe had contacted Community Safety and sought a No Contact Order, and that as part of that request she provided Community Safety with evidence of emotional and verbal abuse by Doe. She described yelling, threats, that he yelled at her while inches from her face and repeatedly accused her of infidelity and dishonesty with him, stated that she was seeing a therapist, and that she had asked him to respect the boundary she had set. Upon receiving that request he started an insulting tirade. When Doe spoke to Community Safety about this matter, Doe stated that "I am not interested in contributing to further pain and

00510915.3

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

suffering that has been caused by both me and her as a result of this awful situation." Plaintiff's representations to the court in paragraph 129 that Roe had not previously identified emotional or verbal abuse or trauma and suffering are known to be inaccurate.

36. Reed denies paragraphs 130-135, except that Reed admits that it provides a resource page which summarizes what would be included in an investigative report. In further response, Reed states that Plaintiff was afforded an opportunity to provide input into the investigator's summary of information he provided, and failed to do so.

37. In further response to paragraph 133, Reed states that Plaintiff's allegation is a deliberate misrepresentation because Plaintiff is aware that the Investigative Report attached a copy of the investigator's summary of Plaintiff's interview, which summary included the information he provided the investigator including about prior sexual group encounters.

38. In further response to paragraph 134, Reed states that contrary to Plaintiff's allegation, the Investigative Report in fact identified both the date of the incident and the date of the report. Reed also states that because there is great variability in how victims of traumatic events respond and when they make reports, the fact that Roe did not immediately make a report is not a relevant factor for any college or university to consider in investigating or resolving a complaint, particularly under circumstances like that presented by Roe's complaint where she expressed fear of retaliatory action and identified that Doe possessed a gun.

39. Reed denies paragraphs 136-138, except that Reed admits that three individuals ingested drugs and alcohol on or about July 25, 2013 and that there was a group sexual encounter.

40. In further response to paragraph 137-138, Reed states that AM was not a Reed student and could not be charged under its policies, that Doe engaged in materially different conduct (which included supplying the illegal drugs and misrepresenting Roe's unwillingness to participate), and that Doe never filed a complaint against either AM or Roe.

Page 15 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

41. Answering paragraphs 139-143, Reed admits that it has a Guidebook, Judicial Code, Sexual Misconduct Board and Judicial Board, but denies that the procedures and policies can be adequately summarized as Plaintiff has done and for that reason denies paragraphs 139-143, stating further that the policies and procedures are in writing and those writings stand on their own.

42. In further response to paragraph 143, Reed states that Plaintiff was at all times aware and was informed that he had a right to submit written and signed testimony in lieu of oral testimony and that neither witnesses nor parties are compelled to respond to questions.

43. Reed denies paragraph 144. In further response to paragraph 144, Reed states that it notified Plaintiff two days after the Sexual Misconduct Board received the formal written complaint from Roe, which complaint was received April 2, 2014. Doe had the assistance of a Procedural Aide and, additionally, he personally selected a student supporter or "second" who had experience in prior Judicial Board proceedings. He was represented by counsel during the appeal process and, with the assistance of multiple attorneys, Doe provided extensive argument following the hearing. He failed to provide any additional credible evidence to supplement the evidence he had provided at the hearing, and accordingly was not disadvantaged in his factual presentation to the Board. The outcome would not have differed.

44. Answering paragraph 145, Reed states that the content of a longer email sent to Doe cannot adequately be summarized by the few selective quotes from that communication, and denies that the allegation is complete since the writing stands on its own. Reed admits, however, that Doe was provided written notice eight days before the hearing and consistent with Reed's policies.

45. Reed denies paragraph 146.

46. In further response to paragraph 146, Reed had evidence to cause it to have reasonable concern about the potential harm to the community from Plaintiff. At the time, such

Page 16 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

evidence included: he had a gun; he had exhibited a pattern of incidents involving women and violence; he was reported to have pressured an acquaintance into unsafely taking drugs; he was reported to have violated a no-contact order; and he had some kind of violent or potentially violent contact with at least four women within three years. Additionally, in any such encounters as well as in his alcohol and drug violations, he consistently denied any responsibility for actions that were clearly his. Plaintiff also admitted to acting out when "blinded" by frustration and anger. Moreover, as referenced in the final decision of the President, Plaintiff distributed an illegal drug MDMA (Ecstasy) as part of a plan to have sex with the person to whom the drugs were administered, "a plan fraught with real risk for the person to whom the drugs were given, given the likelihood of intoxication and incapacitation."

47. Reed denies paragraphs 147 and 149, except that Reed admits that it provided written notice on April 4, 2014 and was told to identify his potential witnesses. In further response to paragraph 147, Reed states that Doe had the benefit of a knowledgeable and experienced "second" he personally selected, that he obtained and was represented by counsel from two separate law firms who presented lengthy arguments on his behalf after the hearing, which submissions were carefully considered during the appeal, and that Reed considered his additional untimely declarations at the time of the final appeal in spite of the fact that Plaintiff waited four months after the hearing before submitting the additional material.

48. Reed denies paragraph 148, except that Reed admits that its notification to Plaintiff, which was a standard form provided to complainants and respondents, described confidentiality requirements and advised Plaintiff of how to obtain personal support during the process. Reed further states that because Plaintiff was an adult at the time of the charges, Reed properly considered that if Plaintiff wanted his parents to be notified of the charges against him, he would notify them himself, and that Plaintiff admitted at the hearing that he had spoken to his mother so that he was not disadvantaged by from Reed's not calling his parents to advise them of the

00510915.3

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

charges made against him.  In further response to paragraph 148, Reed states that Doe was also advised that the confidentiality restrictions were narrow and that he had a right to discuss the events in question.

49.  Reed denies paragraphs 150 and 151, except that Reed admits that Plaintiff has accurately quoted some words from the notice he received.  In further response to paragraph 150, Reed states that Plaintiff has deliberately left out language from the notice that advised him that he was permitted to discuss the events that led to the case, which deliberate omission by Plaintiff results in a misrepresentation of the nature of the notice he received.  Plaintiff was also informed in writing by the Procedural Aide that she was available to meet and that "we can also discuss any questions or concerns you might have."

50.  Reed denies paragraphs 152-164, except that Reed admits as follows:

    a.  The Sexual Misconduct panel was comprised as identified, but was supported by a procedural aide.  Roe was not afforded any different or greater rights.

    b.  Consistent with its policies, Plaintiff was not permitted to be represented at the hearing by counsel.  In further response, Reed states that no student was permitted to be represented at the hearing by counsel.  Roe was not afforded any different or greater rights.

    c.  Roe was permitted to bring a student supporter.  In further response, Reed states that Doe was permitted to bring a student supporter, that he selected a student supporter who had previously been a Judicial Board member, but that he decided in advance of the hearing that he would forego the assistance of his chosen student supporter and would appear himself.  In further response, Reed states that the Sexual Misconduct Board put precautions in place to ensure that Roe's student supporter had no discussion with the Board about the complaint and had shielded that individual from information about the case.

Page 18 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

d. The Board had ten days from the date of the formal complaint to prepare for the hearing, that it was sufficiently trained and experienced to identify issues and prepare adequately for the hearing, and that its members worked as appropriate to do so and to ensure that the Board was in fact adequately prepared.

e. Reed's formal policies do not assign the burden of proof.

f. Neither Reed nor the Sexual Misconduct Board may compel a witness to attend. One of the witnesses Plaintiff requested was asked but declined to attend and the other witness was contacted and agreed to attend and then did not show up for the hearing.

g. Reed's procedures, consistent with federal requirements and recommendations, permit questioning to be done through the panel.

h. Those persons who viewed the sexually explicit video did not personally testify at the hearing.

51. In further response to paragraphs 161 and 162, Reed admits that Doe submitted questions and that some of his questions were declined, but states further that the questions that the Board declined to ask were not relevant and included a question about whether Roe and her friends used a nickname for their group of friends which was made up of Greek letters, which question was properly rejected as irrelevant to the issues at hand. Reed further admits that Doe was properly asked to keep his information "relevant to the case" but that contrary to his allegations, he was also permitted to make a lengthy uninterrupted statement in which he discussed the evidence he thought was pertinent and, additionally, discussed his views related to Roe's motive in complaining.

52. Reed denies paragraphs 165-176, except that Reed admits and states as follows:

//

Page 19 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

a. Reed informed Plaintiff of the findings May 5, 2014 through a letter from the Vice President and Dean of Student Services, which decision and notice followed a careful deliberation and laborious preparation of findings over a period of many days. Reed acknowledges misspellings but states that the Board consistently referred to the complainant and respondent by their initials so that they were not practiced in which of two common spellings of Doe's last name applied.

b. The Board found that Doe violated Reed policies specified in the letter for the reasons specified in the letter.

c. The Board identified sanctions specified in the letter, which were based upon his misconduct. Reed states further that Doe misunderstands the outcome of the process as it relates to his lack of contrition or regret and states further that in his disciplinary encounters while a student at Reed Doe had demonstrated a pattern of blaming others even in the face of admitting facts that should have led a reasonable person to acknowledge contrition or regret, and that the undisputed evidence of Doe's own writings that he submitted as evidence to the Board reflected that concern.

d. Doe was expelled from Reed, excluded from campus and college events, and the outcome would be reflected in his records and subject to Reed's policies regarding release.

e. There is an appeal process which is reflected in Reed's formal policies and generally summarized in paragraphs 175 and 176 of the complaint.

53. In further response to paragraph 167, Reed states that its policies permit consideration of reports, and states further that Doe had admitted to possessing a sexually explicit video of Roe, that Doe had such a video in his personal possession when he was interviewed in connection with Roe's complaint, and that Reed told him to delete it, and that he

Page 20 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

was equivocal in his responses during the investigation about whether he had in fact displayed it.

54. In further response to paragraph 168, Reed states that although AM and ML declined to appear at the hearing to support Doe, AM had appeared for an interview in advance of the hearing and her information was therefore available. Additionally, AM and ML each subsequently provided a statement which was fully considered. In further response to paragraph 168, Reed states that Plaintiff inaccurately describes ML's statement, which did not say that she was invited to join in "hours-long group sex" as Doe alleges.

55. Reed admits paragraph 177.

56. Answering paragraph 178, Reed admits that Doe claimed to appeal on the grounds stated, except that while Doe characterized one ground of appeal to be newly discovered evidence, he withheld that evidence until the final appeal and did not in fact offer newly discovered evidence. Reed states further that it nonetheless considered all the "new" evidence Doe provided.

57. Answering paragraph 179, Reed admits that there was a communication from the Appeals Board dated July 8, 2014, but denies that it was a letter, and denies that it is properly characterized as a denial of the appeal. In further response to paragraph 179 Reed states that by memorandum dated July 8, 2014 the Appeals Board notified the President of its unanimous decision to recommend no alteration to the sanctions imposed by the decision of the Dean of Students.

58. Reed admits that the sentences quoted in paragraphs 180-181 are excerpted from the July 8, 2014 memorandum. In further response, Reed states that the excerpts are taken out of context from a larger report and that Doe's selective quoting does not accurately reflect the communication and for that reason denies paragraphs 180-181.

59. Reed denies paragraphs 182-199, except that Reed admits and states as follows:

//

Page 21 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

a. Doe submitted a timely final appeal which took the position that there were errors including in the severity of the sanction and that there was new or newly discovered evidence.

b. Doe belatedly at the final appeal submitted evidence he characterized as "new."

c. Doe submitted a statement from AM that Doe partially summarizes in the Complaint.

d. Doe submitted a statement from ML that Doe purports to summarize, but continues to summarize inaccurately as he has throughout the Complaint.

e. Roe submitted no new information during the appeal process and the President advised he would consider the entire record by letter dated October 30, 2015.

f. President Kroger agreed with the decision and sanction by letter dated November 11, 2104, having conducted a thorough review of the entire file.

g. Reed did not discipline Roe or AM.

60. In further response to Paragraph 185, Reed states that as he has done throughout the complaint, Doe misrepresents ML's statements, and that consistent with its policies Reed notified both AM and ML of Doe's request for them to attend the hearing, that ML declined, and that AM agreed but then did not show up.

61. In further response to Paragraph 185-186, Reed states that AM provided a statement, that the statement was not "new evidence," but that in spite of the fact that it was not properly submitted, it was fully considered. Among other things, AM's statement partly contradicted information she previously provided, and did not provide information sufficient to challenge additional reasons for the decision and sanctions, which reasons included but were not limited to Doe's admitted distribution of illegal drugs and his admitted abusive treatment of Roe which was independently demonstrated by documentation that he provided.

//

Page 22 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

62. In further response to paragraphs 187-88 and 197, Reed states that Doe inaccurately and misleadingly summarizes ML's statement.

63. In further response to paragraph 189-190, Reed states that it afforded Roe time to respond to the purported "new" evidence because Doe had submitted his "new" evidence 120 days after the hearing, and even after the appeal had taken place. Because Reed decided to consider this "new" evidence submitted 120 days after the hearing, which was provided during the summer recess when one of the individuals involved was believed to be out of the country, Reed properly determined to allow Roe half that amount of time to respond if she wished to do so.

64. Reed denies paragraphs 200-203, except that Reed admits:

    a. Doe represented he was the victim of an earlier sexual assault in 2012.

    b. Doe reported the incident to Community Safety.

65. In further response to paragraphs 200-203, Reed states that the female student who was the subject of Doe's report separately accused Doe of raping her.

66. In further response to paragraph 203, Reed states that it advised Doe of its findings and his right to file a formal complaint, but that Doe expressly declined to file a formal complaint against the other student.

67. Reed denies paragraphs 204-208 and 214.

68. Reed admits paragraphs 210-211.

69. Answering paragraphs 212-213, Reed admits that Plaintiff accurately quotes, out of context, some of the Title IX regulations, and quotes a portion of one of the Department of Education's Guidances, but further states the regulations and guidances are considerable more detailed and denies that Plaintiff's out of context excerpting of selected phrases accurately or completely reflects the law.

//

Page 23 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

70.     Reed denies paragraph 217, except that Reed admits that it did not charge or discipline AM.  Reed further states that AM was not a student at the time of the incident and was not a student at the time of the hearing or decision or appeal, and did not subsequently re-enroll at Reed, and that Reed policies do not authorize it to discipline someone who is not a student at Reed.  Reed also states that no person brought charges against AM and no person presented a reason to discipline AM.

71.     Reed denies paragraphs 218-220, except that Reed admits it did not charge or discipline Roe or AM or the "female student."

72.     In further response to paragraph 219, Reed states that Plaintiff confirmed that he did not want to file a complaint against Roe for striking him, that Reed followed its policies by completing its investigation and conducting a threat assessment as to Roe, and that it thereafter accepted Doe's stated wishes, having not found a reason to proceed against Roe over his objections.

73.     In further response to paragraph 220, Reed states that Plaintiff confirmed that he did not want to file a complaint against the female student, who had also accused him of raping her, that Reed followed its policies by completing its investigation and conducting a threat assessment, and that it thereafter accepted Doe's stated wishes, having not found a reason to proceed over his objections.

74.     Answering paragraph 221, Reed states that it has not to its knowledge been previously presented with a complaint making allegations of the kind presented in this case, and accordingly has not, to its knowledge, had an opportunity to make a determination about how to proceed in such a case.

75.     Reed denies paragraphs 222-224.  In further response to paragraph 223 and 224, Reed states that it does not have direct knowledge sufficient to permit it to respond to the allegations of paragraph 224 as to how other unnamed institutions might view Doe, Doe's poor

00510915.3

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

academic record at Reed alone would cause "a similarly ranked and esteemed college or university" to decline to consider an application from him. Reed further states that such an institution would also consider his admitted misconduct which included extensive distribution and use of illegal drugs, supplying alcohol to minors, violating Roe's privacy and threatening to do so, repudiating reasonable school policies, abusive behavior, and retaining a sexually explicit video of another student. As a result, Reed denies that Doe has suffered any damage from the disputed accusations, since he would have been expelled from Reed for the undisputed accusations.

76. Reed denies paragraphs 225-227, except that Reed admits that Plaintiff left Reed without obtaining a degree and except that Reed issued a sanction of expulsion. In further response to paragraph 226, Reed states that at the hearing Doe announced he had personal and financial reasons causing him to leave Reed in addition to his intent to do so to make a statement. Reed also states that Doe was given any bargained-for exchange in that he was permitted to register for and attend classes and otherwise provided with all the benefits and perquisites of being a student at Reed during the time he was in attendance.

77. Reed denies paragraph 228-240, except that Reed admits that consistent with its obligations under federal law it did not permit any party to cross examine witnesses, and except for its response to this same allegation which appears elsewhere in Doe's complaint.

78. Reed denies paragraph 241, except that Reed admits that Roe self-reported her conduct in striking Doe and that a mutual no contact order issued, and except that Reed incorporates its answer above.

79. Reed denies paragraphs 242-260, except that Reed incorporates its answer above and except admits that it allowed Roe time to respond to evidence that Doe claimed to be "new," that it affirmed findings and sanctions of the Sexual Misconduct Board except to the extent that the President disagreed with its conclusion that distribution of MDMA (ecstasy) was not a violation

Page 25 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

of the Honor Principle, having reasonably concluded that it was.

80. Answering paragraphs 262-263, Reed admits that Oregon has an Unlawful Trade Practices Act which *inter alia* prohibits unfair and deceptive acts and practices in commerce, but denies that Plaintiff's summary fully explains that law and denies the implication the Reed violated that law.

81. Reed denies all other allegations not expressly admitted herein.

82. No answer is made to paragraphs 290-305 because these represent Plaintiff's seventh and eighth causes of action which are asserted solely against Roe. If an answer is required, Reed denies paragraphs 290-305.

83. To the extent the complaint realleges prior allegations, including paragraphs 209, 250, 256, 261, 267, and 272, Reed realleges its answer above and any specific responses to those allegations.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Without assuming the burden of proof except where required by law, Reed states as follows.

## FIRST ADDITIONAL DEFENSE

### (Rights of Private College)

84. Reed College is a private institution at which conduct is governed by an overarching Honor Principle which emphasizes personal responsibility and mutual respect in the conduct of one's affairs and at which students are required to comply with formal policies. Those formal policies include a detailed alcohol and drug policy and a discriminatory harassment and sexual misconduct policy, both of which are policies required by federal law.

85. As a private institution Reed College has a right to decide for itself who it will accept into its educational community, and a right to determine for itself what rules will regulate student conduct and what process its disciplinary proceedings will provide.

Page 26 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

86. Defendant's consideration of Doe's conduct and its sanction of expulsion were not arbitrary and capricious and were not in violation of the law and fell well within a reasonable range of judgment for an institution which has the right to decide for itself what kind of person it wishes to accept and agree to educate.

## SECOND ADDITIONAL DEFENSE

### (Compliance with Law)

87. Defendants policies and actions were at all times taken as a result of its reasonable good faith understanding of the mandates of federal law, informed by Defendant's diligent study of applicable legal requirements and considering the advice of experts and specialized consultants.

## THIRD ADDITIONAL DEFENSE

### (Fair and Equitable Proceedings)

88. Defendant's disciplinary rules and proceedings were fair and equitable and at all times in compliance with the law, making no distinctions based on the gender of the parties. Reed denies the specific allegations in Plaintiff's complaint and states further:

    a. *Right to Counsel.* At most a student has a right to be advised by a lawyer; the lawyer need not be allowed to participate as trial counsel. Plaintiff had the same rights to advisers as did Roe, had the right to seek the advice of counsel, and was in fact represented by counsel who presented his appeals. Roe was provided no greater or different rights.

    b. *Cross Examination.* Reed's policies, which prohibit direct questioning by the parties, are equitably applied to all parties and are consistent with federal law as well as the advice of experts and advisers whose assistance Reed sought in preparing and modifying its policies. The process equitably applied this to both parties. Roe was provided no greater or different rights.

Page 27 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

c. *Alleged Delay in Interviewing Plaintiff.* Reed acted consistent with the law and did not act in an arbitrary or capricious manner in structuring its investigation. . Roe was provided no greater or different rights.

d. *Notice.* Reed proceeded consistent with the mandates of federal law which require the investigation and adjudication of sexual misconduct to be completed within narrow time limits and provided both parties with notice of the date and timing of the hearing. Notice was adequate. The process equitably applied this to both parties. Roe was provided no greater or different rights.

e. *Investigator Evaluation.* Reed's policies are consistent with federal law which permits a variety of methods to determine responsibility including a disciplinary model that allowed an investigation only. Reed's policies, which allow for an investigation AND a hearing AND an appeal are fully in compliance with federal requirements and recommended best practices. The process equitably applied this to both parties. Roe was provided no greater or different rights.

f. *Witnesses.* Reed equitably applied standards related to inviting witnesses to the hearing to both parties. Roe was provided no greater or different rights. Witnesses Plaintiff had thought would support him declined to appear at the hearing. However, Plaintiff later obtained and tendered affidavits from both, at the time of the final appeal, and Reed permitted him to do so and considered them fully.

g. *Burden and Quantum of Proof.* Reed's policies are consistent with federal law which requires sexual misconduct allegations to be resolved by a preponderance of evidence. As a private college, Reed is not required to offer a hearing, let alone offer a hearing in which it expressly states that one party or the other has the burden of proof. The process was equitably applied to both parties. Roe was

Page 28 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

provided no greater or different rights.

h. *Alleged Presumption of Male Guilt.* Reed's policies are consistent with federal law and the best practices recommended by experts, specialists and advisers in this area. They apply without regard to gender.

## FOURTH ADDITIONAL DEFENSE

### (Prior Material Breach)

89. To the extent a contract was formed, Plaintiff's conduct as alleged above was a material breach of that contract which terminated any contractual responsibilities Reed had to Plaintiff.

## FIFTH ADDITIONAL DEFENSE

### (Substantial Compliance)

90. Reed complied, or substantially complied, with its policies in all respects.

## SIXTH ADDITIONAL DEFENSE

### (Repudiation by Plaintiff)

91. Plaintiff repeatedly repudiated any contract that may have existed by his failure to comply with the reciprocal requirements of Reed's policies.

## SEVENTH ADDITIONAL DEFENSE

### (Materially Different Conduct and Circumstances)

92. Any difference in treatment of Plaintiff as compared to Roe or any other women, as claimed by Plaintiff, was not a result of gender but rather a result of material differences in conduct and circumstances, including Plaintiff's prior disciplinary record, Plaintiff's failure to self-report violations, Plaintiff's possession of a firearm and other indicia of danger, Plaintiff's widespread and illegal distribution of drugs, Plaintiff's urging dangerous drug and alcohol consumption on others, Plaintiff's "revenge porn" related to the retention and dissemination of the explicit video he had captured of Roe, Plaintiff's status as a student and not as a graduate,

00510915.3

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

differences in the results of uniformly applied threat analyses, and Plaintiff's explicit and deliberate rejection of Reed principles and policies.

## EIGHTH ADDITIONAL DEFENSE

### (Failure to state claim for relief)

93. Plaintiff's claim for breach of an implied covenant fails to state a claim because he alleges and relies upon an express agreement.

## NINTH ADDITIONAL DEFENSE

### (Plaintiff's Illegality)

94. Plaintiff's conduct at Reed was a violation of federal and state criminal and other law, providing Reed with a basis for removing him from the college and its campus.

## TENTH ADDITIONAL DEFENSE

### (Defamation Claim Insufficient as a Matter of Law)

95. Plaintiff has failed to state a claim for relief for Defamation against Reed. His claims of defamation as against Reed College fail as a matter of law because:

   a. Plaintiff's defamation claim is untimely to the extent he complains of any statements outside the one year statute of limitations to the extent not otherwise tolled.

   b. Any statements Reed made of or concerning Plaintiff were not published in that Reed communicated them only to Reed decision makers who had a need to know the information, and not to third persons.

   c. Any statements Reed made of or concerning Plaintiff were absolutely privileged because they were part of a disciplinary process required by federal law and were communications mandated by federal law.

   d. Any statements Reed made were protected by a qualified privileged, which privilege was not abused.

Page 30 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

e.  Any statements Reed made of or concerning Plaintiff were true.

f.  Plaintiff's own conduct resulted in his having a poor reputation so that any statements made by Reed did not result in any harm.

g.  To the extent that Plaintiff attempts to satisfy the publication requirement for a defamation claim by alleging that Reed published its findings to Roe, that claim fails as a matter of law in that Reed was required by law to provide Roe with notification of its decision and because Doe formally executed a written consent authorizing disclosure to Roe.

h.  To the extent that Plaintiff attempts to satisfy the publication requirement for a defamation claim by alleging that Reed published its findings to the Dean of Students, that claim fails as a matter of law in that by matriculating at Reed, Plaintiff consented to its disciplinary policies which include notification to the Dean of Students, and executed a full written consent permitting disclosure in the case of an appeal.

i.  To the extent that Plaintiff attempts to satisfy the publication requirement for a defamation claim by alleging that Reed published its findings to the Dean of Students, that claim fails as a matter of law in that Plaintiff initiated an appeal of the findings, thereby consenting to the involvement of the Dean of Students.

## ELEVENTH ADDITIONAL DEFENSE

### (Timing of Notification)

96.  Reed at all times acted consistent with federal law in agreeing to allow the complainant to determine whether and when to file a complaint. Reed's policies were at all times equitably applied, with Doe also being provided the opportunity to determine whether or when to file a complaint.

//

Page 31 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## TWELFTH ADDITIONAL DEFENSE

### (Withdrawal from College)

97. Plaintiff initiated a withdrawal from Reed due to his "family situation", "financial reasons", "to work", and "need a break" as well as that he was "unfairly villainized/slandered by the Honor Process" and stated at the hearing that he was withdrawing from Reed for personal and financial reasons, as well as to make a statement. Accordingly he has suffered no harm from not being permitted to continue as a student at Reed and is not entitled to reinstatement.

## THIRTEENTH ADDITIONAL DEFENSE

### (Clear and Present Danger)

98. Reed's actions in removing Doe from its campus were justified in that it reasonably believed that he presented an unacceptable risk and danger to the campus community.

## FOURTEENTH ADDITIONAL DEFENSE

### (After-acquired Evidence)

99. Subsequent to Doe's expulsion Reed learned of additional conduct which reasonably justified expulsion and which precludes the relief sought by Doe. In particular, that conduct learned after Doe's expulsion would result in his being denied permission to re-enter Reed or, if he should, would result in immediate conduct charges against him. Moreover, the nature of Doe's collected misconduct stands as a bar to Reed making a report to others that Doe does not present a risk of harm. Roe is not the only woman who has reported Doe's use of illegal drugs and alcohol to intoxicate or incapacitate women in order to facilitate his sexual encounters with them.

## FIFTEENTH ADDITIONAL DEFENSE

### (Impermissible Requests for Relief)

100. Doe requests relief that is beyond the authority of this court, improper, and unavailable to Plaintiff:

Page 32 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

a. A reviewing court may not second-guess the disciplinary decisions of private educational institutions and must afford broad discretion to their decisions as to how to further their educational and doctrinal responsibilities.

b. Doe's demand that Reed alter its academic and disciplinary record, expunge his record, and confirm the removal of disciplinary findings against him would be in violation of the federal and state Constitutions in that it would compel persons to make statements when they have a protected constitutional right not to make such statements.

c. Doe's demand that a person at Reed provide a "notarized letter" confirming charges have been expunged would require such a person to swear falsely or to imply, falsely, that Doe was not disciplined or did not merit discipline, and would result in compelled speech, which would be in violation of the federal and state Constitutions. Such a representation would also present a clear danger to other institutions who might rely on such statements and admit Plaintiff as a student, which would allow him to continue his dangerous conduct and place others in harm's way.

d. Doe's demand that Reed be required to re-enroll Doe after his withdrawal and expulsion would represent an unconstitutional intrusion upon the freedom of association of the members of Reed's academic community.

e. Doe's demand that Reed be required to re-enroll Doe would be futile in that he would immediately be subject to investigation and charges for further misconduct discovered after his expulsion.

f. Doe's demand for punitive damages as a remedy for his claim of defamation and any other speech is in derogation of the state and federal constitutions and forbidden by longstanding principles of Oregon law.

Page 33 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## SIXTEENTH ADDITIONAL DEFENSE

### (No Private Right of Action for Administrative Requirements)

101.    No private right of action for any alleged violation of Dept. of Education administrative requirements.

## SEVENTEENTH ADDITIONAL DEFENSE

### (Bargained for Exchange Provided)

102.    Reed provided the bargained for exchange in that Plaintiff received the instruction for which he paid and is not entitled as a matter of law to a degree merely because he paid the fees for the instruction he received, and is not entitled to a refund.

## EIGHTEENTH ADDITIONAL DEFENSE

### (Reasonable Expectations)

103.    The policies and proceedings through which Plaintiff was charged, investigated, suspended and expelled were consistent with the reasonable expectations of the Reed Community.

## NINETEENTH ADDITIONAL DEFENSE

### (Health and Safety)

104.    The relief sought in the complaint would constitute an unreasonable and impermissible interference with the Defendant's rights and duties to ensure the health and safety of all community members.

## TWENTIETH ADDITIONAL DEFENSE

### (Unclean Hands)

105.    To the extent equitable relief is sought, Plaintiff is barred by his unclean hands in light of his actions including those identified above and others discovered after his expulsion.

//

//

Page 34 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## TWENTY-FIRST ADDITIONAL DEFENSE

### (Adequate Remedy at Law)

106. To the extent that Plaintiff has an adequate remedy at law, his complaint for injunctive relief is barred.

## TWENTY-SECOND ADDITIONAL DEFENSE

### (Consequences of Own Conduct)

107. If Plaintiff was damaged, it was a result of his own conduct as alleged above and as discovered after his expulsion.

## TWENTY-THIRD ADDITIONAL DEFENSE

### (Failure to Mitigate)

108. If damaged, Plaintiff failed to make reasonable efforts to mitigate any damages.

## TWENTY-FOURTH ADDITIONAL DEFENSE

### (Estoppel)

109. Plaintiff is estopped from the relief sought by his having withdrawn from Reed.

## TWENTY-FIFTH ADDITIONAL DEFENSE

### (Disparate Impact Not Actionable)

110. To the extent Plaintiff seeks to recover on the basis of a disparate impact, as is alleged in the complaint, such claim fails as a matter of law in that Title IX does not permit a challenge based on a disparate impact.

## TWENTY- SIXTH ADDITIONAL DEFENSE

### (Trade Practices Theory Insufficient as a Matter of Law)

111. Plaintiff's Fourth Cause of Action failed to state an actionable claim for relief because Plaintiff has not identified an "ascertainable loss of money or property."

112. Plaintiff's Fourth Cause of Action is untimely, except to the extent tolled.

113. Plaintiff's Fourth Cause of Action fails for lack of causation.

Page 35 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

114.    Plaintiff's Fourth Cause of Action fails to state a claim for any violation of ORS 646.607 because there is no private right of action to enforce such provisions.

115.    Plaintiff's Fourth Cause of Action fails for failure to identify any provisions of ORS 646.608(1) he contends were violated.

116.    Plaintiff's Fourth Cause of Action fails because any conduct of Reed was undertaken in good faith for a valid purpose.


WHEREFORE having fully answered Plaintiff's complaint, Reed prays for judgment in its favor dismissing the complaint in its entirety and granting Reed its costs and disbursements herein, together with its expert fees and expenses. Reed asks the Court to award its reasonable attorney fees pursuant to 42 USC §1988(b) and, because Plaintiff did not have an objectively reasonable basis for bringing his Fourth Cause of Action, to award Reed its reasonable attorney fees pursuant to ORS 646.638(3).


DATED this 11th day of May, 2015.

BARRAN LIEBMAN LLP


*s/Paula A. Barran*

By _____

Paula A. Barran, OSB No. 803974
pbarran@barran.com
Richard C. Hunt, OSB No. 680770
rhunt@barran.com
Damien T. Munsinger, OSB No. 124022
dmunsinger@barran.com
Attorneys for Defendant The Reed Institute


Page 36 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2015, I served the foregoing **DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES** on the following parties at the following addresses:

David H. Angeli
Kristen L. Tranetzki
Angeli Ungar Law Group LLC
121 SW Morrison Street, Ste. 400
Portland, OR  97204
Attorneys for Plaintiff

Courtney W. Angeli
Robin Bowerfnd
Buchanan Angeli Altschul & Sullivan LLP
321 SW 4th Avenue, Ste. 600
Portland, OR  97204
Attorneys for Plaintiff

Bonnie Richardson
Folawn Alterman & Richardson LLP
805 SW Broadway, Ste. 2750
Portland, OR  97205
Attorneys for Defendant Jane Roe

by the following indicated method or methods on the date set forth below:

☑     Electronic filing using the court's ECF System

☐     Facsimile

☐     First-class mail, postage prepaid

☐     Hand-delivery

☐     Electronic Mail

*s/Paula A. Barran*
_____
Paula A. Barran
Richard C. Hunt
Damien T. Munsinger

Page 37 - DEFENDANT THE REED INSTITUTE'S ANSWER AND DEFENSES

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212