**DAVID H. ANGELI**, OSB No. 020244
  david@angelilaw.com
**KRISTEN L. TRANETZKI**, OSB. No. 115730
  kristen@angelilaw.com
Angeli Ungar Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR  97204
Telephone:  (503) 954-2232
Facsimile:  (503) 227-0880

**COURTNEY W. ANGELI**, OSB No. 941765
  courtney@baaslaw.com
**ROBIN BOWERFIND**, OSB No. 035949
  robin@baaslaw.com
Buchanan Angeli Altschul & Sullivan LLP
321 SW 4th Avenue, Suite 600
Portland, OR  97204
Telephone:  (503) 974-5015
Facsimile:  (971) 230-0337

Attorneys for Plaintiff John Doe

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| **JOHN DOE**, | Case No. 3:15-cv-00617-MO |
| Plaintiff, | |
| v. | **MOTION TO STRIKE AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANT THE REED INSTITUTE** |
| **THE REED INSTITUTE (aka, Reed College)** and **JANE ROE**, | |
| Defendants. | |

## CERTIFICATE OF COMPLIANCE WITH LR 7-1(a)

Pursuant to LR 7-1(a), counsel for plaintiff certifies that, prior to filing this motion, counsel for plaintiff and defendant The Reed Institute made a good faith effort through written communications and telephone conferences to resolve this dispute and have been unable to do so.

## MOTION

Plaintiff John Doe ("John") moves pursuant to FRCP 12(f) to strike the following sixteen affirmative defenses asserted by defendant The Reed Institute ("Reed"):

- First Additional Defense (Rights of Private College),
- Second Additional Defense (Compliance with Law),
- Third Additional Defense (Fair and Equitable Proceedings),
- Eighth Additional Defense (Failure to State a Claim for Relief),
- Tenth Additional Defense (Defamation Claim Insufficient as a Matter of Law),
- Thirteenth Additional Defense (Clear and Present Danger),
- Fourteenth Additional Defense (After-acquired Evidence),
- Fifteenth Additional Defense (b), (c) (d) and (e) (Impermissible Requests for Relief),
- Sixteenth Additional Defense (No Private Right of Action for Administrative Requirements),
- Eighteenth Additional Defense (Reasonable Expectations),
- Nineteenth Additional Defense (Health and Safety),
- Twenty-First Additional Defense (Adequate Remedy at Law),
- Twenty-Second Additional Defense (Consequences of Own Conduct),

PAGE 2 –    MOTION TO STRIKE AFFIRMATIVE DEFENSES ASSERTED BY
DEFENDANT THE REED INSTITUTE

- Twenty-Third Additional Defense (Failure to Mitigate),

- Twenty-Fifth Additional Defense (Disparate Impact not Actionable), and

- Twenty-Sixth Additional Defense (Trade Practices Theory Insufficient as a Matter of Law).

This motion is supported by the following memorandum of law.

## MEMORANDUM IN SUPPORT

## I.    INTRODUCTION

This action involves false rape allegations against plaintiff John Doe ("John" or "Doe") by his ex-girlfriend and fellow Reed student, defendant Jane Roe ("Jane"), and challenges the subsequent, gender-biased and inequitable disciplinary process Reed undertook that resulted in plaintiff's expulsion.  Plaintiff brings the following claims against Reed: wrongful expulsion (under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.*), declaratory judgment (pursuant to 28 U.S.C. § 2201), as well as state law claims for breach of contract, breach of the covenant of good faith and fair dealing, unfair or deceptive trade practices in violation of ORS 646.605, *et seq.*, and defamation.  (*See* First Amended Complaint ("FAC") ¶¶ 209-289.)

Reed asserts twenty-six affirmative defenses in its answer to plaintiff's claims.  (*See* Defendant The Reed Institute's Answer and Defenses ("Answer") ¶¶ 84-116.)  Although ordinarily counsel for plaintiff would avoid motion practice at this early stage in litigation, given the large number of alleged defenses and to make this litigation more manageable, plaintiff moves the court to strike sixteen of these defenses as unsupported by the law, unsupported by facts alleged in the Answer, redundant, immaterial, and/or impertinent. Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter."). This matter is likely to involve a substantial summary judgment motion practice on both sides, and thus to the extent that the litigation can be focused early on the issues that are actually before the court, the process will be more streamlined. While generally disfavored, courts grant motions to strike to "avoid spending time and money litigating spurious issues" and to bring clarity in a proceeding as to what is in dispute. *See Complete Distrib. Servs. v. All States Transp., LLC*, Case No. 3:13-cv-800-SI, 2015 WL 1393281, at *2-3 (D. Or. Mar. 25, 2015).

## II.    ARGUMENT

**A.    Reed's Thirteenth Additional Defense, Fifteenth Additional Defense (Subsections (b), (c), and (d)), and Twenty-First Additional Defense Should Be Stricken Because They Are Not Supported by the Relevant Law.**

### 1.    A Defense That Is Not Premised on a Valid Statement of Law Is Legally Insufficient.

An "affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT&T Pension Benefit Plan–Nonbargained Program,* 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) (quoting *Roberge v. Hannah Marine Corp.*, 124 F.3d 199 (6th Cir 1997)). As set forth below, Reed's Thirteenth Additional Defense, entitled "Clear and Present Danger," subsections (b), (c), and (d) of Reed's Fifteenth Additional Defense, entitled "Impermissible Requests for Relief," and Reed's Twenty-First Additional Defense, entitled "Adequate Remedy at Law," are subject to a motion to strike under Rule 12(f) because they are legally "insufficient." That is, none of these defenses are premised upon a valid statement of the law and thus none can preclude liability on any of plaintiff's claims. Consequently, it is proper for the court to strike them. *See*, *e.g.*, *Complete Distrib. Servs.*, 2015 WL 1393281, at *3 (striking affirmative defense of negligence where negligence theory not supported by law).

PAGE 4 –    MOTION TO STRIKE AFFIRMATIVE DEFENSES ASSERTED BY
              DEFENDANT THE REED INSTITUTE

### a. Reed's Thirteenth Additional Defense (Clear and Present Danger) Is Legally Insufficient.

In its Thirteenth Additional Defense, entitled "Clear and Present Danger," Reed alleges that:

> Reed's actions in removing Doe from its campus were justified in that it reasonably believed that he presented an unacceptable risk and danger to the campus community. (Answer ¶ 98.)

Reed's defense seems to justify John's expulsion as being motivated by its alleged good intentions. But if a statutory or common law violation is proved, good intentions are often irrelevant. That is the case here. There does not appear to be any "clear and present danger" defense to the asserted claims of discrimination in violation of Title IX, breach of contract, or any of plaintiff's other claims. In other words, Reed may show that it believed John presented a danger to its community, but that does not address the question of whether its actions were a result of gender bias as alleged in plaintiff's claim for wrongful expulsion (FAC ¶¶209-249), nor does it excuse a biased decision in John's case. Nor do good intentions provide a basis for breach of a contractual duty. (FAC ¶¶250-260.) Because there is no basis in the law to contend that this defense "precludes liability even if all of the elements of the plaintiff's claim are proven," it is not a proper affirmative defense and thus should be stricken.

### b. Subsections (b), (c), and (d) of Reed's Fifteenth Additional Defense (Impermissible Requests for Relief) Are Not Supported by the Law and are Impertinent.

Subsections (b), (c), and (d) of Reed's Fifteenth Additional Defense, entitled "Impermissible Requests for Relief," assert that the injunctive relief sought by plaintiff is not permitted:

> Doe requests relief that is beyond the authority of this court,
> Improper, and unavailable to Plaintiff:
> * * *

PAGE 5 –    MOTION TO STRIKE AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANT THE REED INSTITUTE

b. Doe's demand that Reed alter its academic and disciplinary record, expunge his record, and confirm the removal of disciplinary findings against him would be in violation of the federal and state Constitutions in that it would compel persons to make statements when they have a protected constitutional right not to make such statements.

c. Doe's demand that a person at Reed provide a "notarized letter" confirming charges have been expunged would require such a person to swear falsely or to imply, falsely, that Doe was not disciplined or did not merit discipline, and would result in compelled speech, which would be in violation of the federal and state Constitutions. Such a representation would also present a clear danger to other institutions who might rely on such statements and admit Plaintiff as a student, which would allow him to continue his dangerous conduct and place others in harm's way.

d. Doe's demand that Reed be required to re-enroll Doe after his withdrawal and expulsion would represent an unconstitutional intrusion upon the freedom of association of the members of Reed's academic community. (Answer ¶ 100.)

Reed's assertion that the court does not have the authority to award injunctive relief under plaintiff's claims is erroneous. When a right of action exists under a federal statute, there is a presumption with "deep roots in our jurisprudence" of the availability of all appropriate remedies unless Congress has expressly indicated otherwise:

> "[W]here legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." The Court explained this longstanding rule as jurisdictional and upheld the exercise of the federal courts' power to award appropriate relief so long as a cause of action existed under the Constitution or laws of the United States.

*Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 66 (1992) (citations omitted). Indeed, the U.S. Supreme Court has recognized that it is well within the court's authority to award equitable relief, should plaintiff prevail on Title IX claims. *See, e.g., Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 255 (2009) ("In a suit brought pursuant to this private right [to enforce Section 901(a) of Title IX], both injunctive relief and damages are available." (citation omitted)); *Cook v.*

*Colgate Univ.*, 802 F. Supp. 737, 751 (N.D.N.Y. 1992) ("The court finds that Colgate is in violation of Title IX by not providing equal athletic opportunities to its women's ice hockey players. Therefore, Colgate is ordered to grant the women's ice hockey team varsity status and to provide the team all the amenities that accompany such a designation"), *vacated as moot*, 992 F.2d 17 (2d Cir. 1993).

To the extent that Reed argues that the court does not have the authority to issue the specific injunctive relief sought because it, for example, compels a false statement, these defenses should also be stricken as impertinent. Such a defense rests on the factual assumption that plaintiff was *properly* disciplined by Reed. A judicial finding that Reed's actions were either discriminatory or in violation of a contractual duty are elements of plaintiff's prima facie case. Should plaintiff successfully prove his prima facie case, only *failure* to implement the relief sought by plaintiff would result in false representations regarding plaintiff's record. Should plaintiff fail to prove his case, no damages will be awarded so this objection is not necessary. Therefore, these defenses are also impertinent, or "do not pertain, and are not necessary, to the issues in question." *See* Section B *infra*.

### c.    Reed's Twenty-First Additional Defense (Adequate Remedy at Law) is Not Supported by the Law.

In its Twenty-First Additional Defense, entitled "Adequate Remedy at Law," Reed incorrectly contends that plaintiff's legal remedies preclude injunctive relief:

> To the extent that Plaintiff has an adequate remedy at law, his complaint for injunctive relief is barred. (Answer ¶ 106.)

Reed does not identify the claim(s) to which the defense applies and, assuming that it is directed at plaintiff's claim for declaratory judgment and/or its claim for wrongful expulsion under Title IX, it is an incorrect statement of the law. Injunctive relief pursuant to plaintiff's claim under The Declaratory Judgment Act, 28 U.S.C. § 2201, is not barred by any remedies he

may have at law.  FRCP 57 states, "[t]hese rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201….The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."  *State of Cal. by & Through Dep't of Water Res. v. Oroville-Wyandotte Irrigation Dist.*, 409 F.2d 532, 535 (9th Cir. 1969) ("An adequate legal remedy is not a bar to the issuance of declaratory relief.").  Similarly, a remedy at law does not bar injunctive relief in a Title IX case.  *See*, *e.g.*, *Roberts v. Colorado State Bd. of Agric.,* 998 F.2d 824, 833 (10th Cir. 1993) ("[I]nsofar as defendant's continuing violation of Title IX operates to deprive plaintiffs of the opportunity to play softball, we believe monetary relief alone is inadequate. The district court correctly ordered an equitable remedy.").

**B.    Subsection (e) of Reed's Fifteenth Additional Defense, Reed's Sixteenth Additional Defense, and Reed's Twenty-Fifth Additional Defense Should Be Stricken Because They Do Not Relate to Any of Plaintiff's Claims.**

> **1.    A Defense That Does Not Relate to Plaintiff's Claims Is Immaterial and/or Impertinent.**

Subsection (e) of Reed's Fifteenth Additional Defense (Impermissible Requests for Relief), Reed's Sixteenth Additional Defense (No Private Right of Action for Administrative Requirements), and Reed's Twenty-Fifth Additional Defense (Disparate Impact not Actionable) should be stricken under Rule 12(f) because they are "immaterial" and/or "impertinent." Fed. R. Civ. P. 12(f); s*ee Ionian Corp. v. Country Mut. Ins. Corp.*, Case No. 3:10-cv-199-HZ, 2015 WL 632217, at *11-12 (D. Or. Feb. 13, 2015) (striking defendant's mitigation and unclean hands affirmative defenses as immaterial); *Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors*, 786 F.2d 1400, 1409-10 (9th Cir 1986) (affirming district court order striking defenses of contract of adhesion, failure to arbitrate and improper injunctive relief because the defenses related to issues that were not before the court and therefore were immaterial). "Immaterial" matter in a defense "has no essential or important relationship to the claim for

relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.

1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534–535 (1994) (citing

5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1382, at 70607 (1990)).

"'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the

issues in question." *Id.*

> ### a. Reed's Fifteenth Additional Defense (Impermissible Requests for Relief) is Impertinent.

Subsection (e) of Reed's Fifteenth Additional Defense, entitled "Impermissible Requests

for Relief," asserts:

> Doe's demand that Reed be required to re-enroll Doe would be
> futile in that he would immediately be subject to investigation and
> charges for further misconduct discovered after his expulsion.
> (Answer ¶ 100.)

There is no basis for a defense to relief based on a hypothetical set of events—*i.e.*, further

charges by Reed about misconduct if plaintiff were to re-enroll pursuant to court order— and

thus this subpart of the defense is not meaningful or relevant to this dispute; it would also seem

to create confusion in that it might be viewed as justifying improper argument to the jury. This

defense is both immaterial and impertinent and should be stricken.

> ### b. Reed's Sixteenth Additional Defense (No Private Right of Action for Administrative Requirements) is Immaterial to Plaintiff's Claims under Title IX.

Reed's Sixteenth Additional Defense, entitled "No Private Right of Action for

Administrative Requirements," alleges:

> No private right of action for any alleged violation of Dept. of
> Education administrative requirements. (Answer ¶ 101.)

Because plaintiff's First Amended Complaint does not assert a private right of action under any

regulation, this defense is immaterial. Plaintiff's factual allegations and claims reference federal

Title IX regulations that govern grievance procedures and due process at educational institutions. (*See*, *e.g.*, FAC ¶¶ 23, 212.)  These factual allegations contend that plaintiff was deprived, through improper administration of applicable policies and procedures, of his Title IX rights because of his sex.  Plaintiff properly brings his claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*  There is no question that courts recognize a private right of action under Title IX.  *Cannon v. University of Chicago,* 441 U.S. 677 (1979) (a private right of action exists to enforce Title IX of the Education Amendments of 1972). Because plaintiff's claims are asserted under the statute itself, and not under any Department of Education Administrative rules or regulations, this defense is immaterial; it has no essential or important relationship to any claim for relief and should therefore be stricken.

> **c.    Reed's Twenty-Fifth Additional Defense (Disparate Impact) is Immaterial.**

Reed's Twenty-Fifth Additional Defense, entitled "Disparate Impact Not Actionable," provides:

> To the extent Plaintiff seeks to recover on the basis of a disparate impact, as is alleged in the complaint, such claim fails as a matter of law in that Title IX does not permit a challenge based on a disparate impact. (Answer ¶ 110.)

Plaintiff does not bring any action for disparate impact and it is not clear why Reed alleges that it does.  Plaintiff alleges that discrimination against other male students may be relevant evidence of his discriminatory treatment, but has not alleged a disparate impact theory in this matter.  (*See*, *e.g.*, FAC ¶¶ 217-222.)  While Reed may dispute plaintiff's contention that evidence of disparate treatment supports his claim of discrimination, the defense that disparate impact is not actionable is not a basis for an affirmative defense to any of the actions plaintiff

actually brings.[1]  This defense is immaterial as it has no essential or important relationship to any

claim for relief and should therefore be stricken.

**C.    Reed Fails to Allege Facts in Support of its Fourteenth Additional Defense and Twenty-Third Additional Defense that Demonstrate Plausibility of Success.**

      **1.    Defenses Are Insufficient When Defendant Does Not Plead Factual Matter That Creates a Plausible Right to Relief.**

Reed's Fourteenth Additional Defense and Twenty-Third Additional Defense are

insufficient because they fail to allege factual matters that create a plausible right to relief.  In

2011, this Court considered the applicability of the plausibility standard announced in *Bell*

*Atlantic v. Twombly*, 550 U.S. 544, 570 (2007), and declined to extend its pleading requirements

to affirmative defenses.  *Trustmark Ins. Co. v. C & K Mkt., Inc.*, Case No. 10-465-MO, 2011 WL

587574, at *1 (D. Or. Feb. 10, 2011).  Although the Ninth Circuit has not ruled explicitly on the

pleading standard applicable to affirmative defenses (and, indeed, no federal circuit has), recent

decisions by the District of Oregon and other federal district courts in this circuit signal a

growing acceptance of the plausibility standard announced in *Twombly*.  Even while declining to

extend *Twombly* in *Trustmark*, the Court acknowledged that "the state of the law may be

---

[1]    Even if plaintiff were to allege or pursue a disparate impact theory, this defense would fail for the additional reason that the statement that "Title IX does not permit a challenge based on a disparate impact" is not an accurate statement of the law. Although the Ninth Circuit Court of Appeals has not addressed this question, courts in other jurisdictions have readily extended the disparate impact theory familiar in employment discrimination claims, to claims of discrimination under Title IX cases.  *See Haffer v. Temple Univ. of the Com. Sys. of Higher Educ.*, 678 F. Supp. 517, 540 (E.D. Pa. 1987) *on recons sub nom. Haffer v. Temple Univ. of Com. Sys. of Higher Educ.*, CIV.A. 80-1362, 1988 WL 3845 (E.D. Pa. Jan. 19, 1988) (holding that "plaintiffs need not prove discriminatory intent to succeed on their claim" under Title IX). Moreover, even if the evidence presented by plaintiff is viewed as disparate impact evidence, it is a misstatement of the law to imply that such evidence is not permitted.  *See Mansourian v. Bd. of Regents of Univ. of California at Davis*, 816 F. Supp. 2d 869, 917 (E.D. Cal. 2011) (statistical evidence of disparate impact may be highly relevant to the determination of whether an institution violated Title IX).

shifting." *Trustmark Ins. Co,* 2011 WL 587574, at *1.  Plaintiff asks that the Court reconsider its

position on the applicable standard in light of the evolution of the case law in this jurisdiction.

In a notably thorough and well-reasoned opinion, in *Hayden v. U.S.*, Case No. 3:14-cv-

1060-AC, 2015 WL 350665, *2 (D. Or. Jan. 26, 2015), the court found that "the principles set

forth in *Twombly* and *Iqbal* are the appropriate standard to apply to a motion which challenges

the factual sufficiency of a pleaded defense."  The *Hayden* court was persuaded by the analysis

set forth in the Central District of California decision of *Vogel v. Huntington Oaks Delaware*

*Partners, LLC*:

> Framing the issue as a choice between *Twombly's* plausibility
> standard and *Wyshak's* fair-notice standard is misleading, because
> *Twombly* merely revised the fair-notice standard on which *Wyshak*
> is based. In *Wyshak,* the Ninth Circuit adopted the prevailing fair-
> notice standard for pleading complaints and applied it to
> affirmative defenses. *Wyshak,* 607 F.2d at 827 (citing *Conley v.*
> *Gibson,* 355 U.S. 41, 47–48 (1957)). At the time, fair notice was
> defined by *Conley v. Gibson,* which held that dismissal was
> warranted only if it appeared clear to the court that there were "no
> set of facts" that would entitle the plaintiff to relief. 355 U.S. at
> 45–46. But *Conley* is no longer good law. *Twombly* and *Iqbal*
> soundly rejected the "no set of facts" standard by holding that fair
> notice requires the pleading of factual matter that creates a
> plausible right to relief * * *
>
> As a result, *Twombly* "changed the legal foundation underlying"
> *Wyshak,* and *Twombly's* plausibility requirement should apply to
> affirmative defenses just as *Conley's* "no set of facts" standard did
> before *Twombly* was decided.... In reaching this decision, the
> [c]ourt recognizes that nowhere in the text of *Twombly, Iqbal,* nor
> *Conley* does the Supreme Court discuss affirmative defenses. But
> simply because the issue was not before the Supreme Court does
> not mean *Twombly's* logic applies with any less force to
> affirmative defenses.

*Hayden*, 2015 WL 350665, at *3-4.  In adopting the *Twombly* standard for affirmative defenses

in *Hayden*, Judge Simon (adopting the opinion of Magistrate Judge Acosta) reasons that:

[A] party is held to the same "short and plain" content requirement whether asserting a claim for relief or asserting a defense to a claim for relief..... Accordingly, it is inconsistent and unsupportable under the Rules to apply different standards to identical terms used in the same Rule, particularly when nothing contained in the Rule itself or in the Advisory Committee Notes suggests the drafters intended a complaint be treated differently from an answer....

The second consideration is that a defense is, in effect, a claim for relief..... There is no logic to holding plaintiff to the more exacting *Twombly* and *Iqbal* standard while allowing defendant to continue to shelter under the more lenient pre-*Twombly* and *Iqbal* standard when both plaintiff and defendant have the same burden to prove that which they allege in their respective pleadings....

Third, notice pleading applies in federal court, even still, notwithstanding that *Twombly* and *Iqbal* imposed a more exacting notice pleading standard. Again, logic dictates that both sides' pleadings be treated similarly for this purpose: the detail required under *Twombly* and *Iqbal* to constitute sufficient notice of the basis for a defense should be the same detail required to constitute sufficient notice of the basis for a claim for relief....

Although the Ninth Circuit has yet to rule on the issue, the majority of district courts addressing the issue have required affirmative defenses to meet the heightened pleading standard dictated by the Supreme Court in *Twombly* and *Iqbal*....

Lastly, the policy underlying *Twombly* and *Iqbal's* plausibility requirement applies with equal force to defenses. The Supreme Court recognized that tightening notice pleading to require plausibility serves an important gate-keeping function by cutting off vague or even frivolous claims early, thus avoiding the time and expense of unnecessary or far-ranging discovery.

*Id*. at 4-6.

In its Fourteenth Additional Defense and Twenty-Third Additional Defense, Reed has not alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Although Reed is not required to set forth detailed factual allegations, it must allege the grounds for entitlement to relief beyond mere labels and conclusions. *Id*. at 555.[2] Plaintiff

---

[2] Even if this Court does not recognize the *Twombly* defense as applicable to affirmative defenses, Reed's Fourteenth Additional Defense and Twenty-Third Additional Defense fail to

submits that the state of the law has indeed shifted and urges this Court to adopt the *Twombly*

standard for affirmative defenses.

### 2. Reed's Fourteenth Defense (After-Acquired Evidence) is Not Supported by Sufficient Factual Allegations.

Reed's Fourteenth Additional Defense, entitled "After-acquired Evidence," states:

> Subsequent to Doe's expulsion Reed learned of additional conduct
> which reasonably justified expulsion and which precludes the relief
> sought by Doe. In particular, that conduct learned after Doe's
> expulsion would result in his being denied permission to re-enter
> Reed or, if he should, would result in immediate conduct charges
> against him. Moreover, the nature of Doe's collected misconduct
> stands as a bar to Reed making a report to others that Doe does not
> present a risk of harm. Roe is not the only woman who has
> reported Doe's use of illegal drugs and alcohol to intoxicate or
> incapacitate women in order to facilitate his sexual encounters with
> them. (Answer ¶ 99.)

Reed fails to provide any factual support to put plaintiff on notice as to the nature of the evidence

of plaintiff's conduct after his expulsion that Reed intends to assert as relevant to the claim, and

therefore does not set out facts that state a plausible claim for relief. *See Johnson v. City of*

*Elgin*, 2001 WL 199506, *2 (N.D. Ill. Feb. 28, 2001) ("To properly plead this defense,

Defendants must allege: (1) existence of after-acquired evidence of employee-wrongdoing and

(2) this wrongdoing would have led to employee's dismissal.").  Reed merely alleges that "after

Doe's expulsion Reed became aware of still more acts of misconduct which, individually and

collectively, would also have independently justified the sanction of expulsion." (Answer ¶ 2.)

This is a conclusory statement that does not supply any facts to demonstrate that success is

plausible.  Furthermore, even if this defense were supported by sufficient facts to state a claim to

---

provide adequate notice under the *Wychak* "fair notice" standard in any event.  *Wyshak v. City
Nat'l Bank.*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of
pleading is whether it gives plaintiff fair notice of the defense"); *Advanced Cardiovascular Sys.
v. Scimed Sys.*, 1996 WL 467277, *3 (N.D. Cal July 24, 1996) ("Defendant's general reference to
a series of statutory provisions does not provide plaintiff with fair notice of the basis for this
defense.").

PAGE 14 –    MOTION TO STRIKE AFFIRMATIVE DEFENSES ASSERTED BY
             DEFENDANT THE REED INSTITUTE

relief plausible on its face, it must also be stricken because it misstates the law on after-acquired evidence, as after-acquired evidence does not preclude the relief sought by plaintiff. *McKennon v. Nashville Banner Publishing Co*., 513 U.S. 352 (1995).

> **3.      Reed's Twenty-Third Additional Defense (Failure to Mitigate) is Not Supported by Sufficient Factual Allegations.**

Reed's Twenty-Third Additional Defense, entitled "Failure to Mitigate," states:

> If damaged, Plaintiff failed to make reasonable efforts to mitigate any damages. (Answer ¶108.)

Reed does not allege any facts evidencing a failure to mitigate, or even explain how such a defense might apply to this case.  To the extent that Reed expects to discover evidence that plaintiff has failed to mitigate but does not yet have those facts, this defense is premature. Defenses based on evidence that might surface are not timely pled at this time; should evidence come to light supporting unpled defenses, Reed has a right to assert them in the future. *See Gessele v. Jack in the Box, Inc*., Case No. 3-10-cv-960-ST, 2011 WL 3881039, *2 (D. Or. Sept. 2, 2011) ("[D]efendants are encouraged to eschew the all too common practice of alleging a litany of boilerplate affirmative defenses with the view of dropping them later if discovery fails to support them.  Reed should only plead affirmative defenses that it believes in good faith to have sufficient factual and/or legal support.  If discovery later uncovers a basis to allege another affirmative defense, then defendants are free to seek to amend the answer to add it.").

**D.      Defenses that Merely Rebut Plaintiff's Claims Should Be Stricken as Redundant.**

The following nine defenses set out by Reed are merely redundant rebuttals and denials of plaintiff's allegations, or just plain rhetorical flourish:  First Additional Defense (Rights of Private College), Second Additional Defense (Compliance with Law), Third Additional Defense (Fair and Equitable Proceedings), Eighth Additional Defense (Failure to State a Claim for Relief), Tenth Additional Defense (Defamation Claim Insufficient as a Matter of Law),

Eighteenth Additional Defense (Reasonable Expectations), Nineteenth Additional Defense

(Health and Safety), Twenty-Second Additional Defense (Consequences of Own Conduct)[3], and

Twenty-Sixth Additional Defense (Trade Practices Theory Insufficient as a Matter of Law).  "A

defense which demonstrates that plaintiff has not met its burden of proof as to an element

plaintiff is required to prove is not an affirmative defense."  *Zivkovic v. S. California Edison Co.,*

302 F.3d 1080, 1088 (9th Cir. 2002).   As this court has explained:

> Such a defense is merely rebuttal against the evidence presented
> by the plaintiff. On the other hand, "[a]n affirmative defense,
> under the meaning of Federal Rule of Civil Procedure 8(c), is a
> defense that does not negate the elements of the plaintiff's claim,
> but instead precludes liability even if all of the elements of the
> plaintiff's claim are proven." *Roberge v. Hannah *1174 Marine
> Corp.,* No. 96–1691, 1997 WL 468330, at *3 (6th Cir.1997). It is
> a defense on which the defendant has the burden of proof. *See,
> e.g., Kanne v. Connecticut General Life Ins. Co.,* 867 F.2d 489,
> 492 n. 4 (9th Cir.1988). Thus, it is curious that defendant asserts
> as affirmative defenses that which it need not prove.
> To the extent that the AT & T restates negative defenses that exist
> in other parts of the complaint, those defenses are redundant
> pursuant to Rule 12(f) and should be struck so as to simplify and
> streamline the litigation. *Federal Trade Comm'n v. Think All Pub.
> L.L.C.,* 564 F.Supp.2d 663, 665 (E.D. Tex. 2008).

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173-74

(N.D. Cal. 2010).

---

[3]  Reed's Twenty-Second Additional Defense, entitled "Consequences of Own Conduct"
states:

> If Plaintiff was damaged, it was a result of his own conduct as
> alleged above and as discovered after his expulsion.
> (Answer ¶ 107.)

Plaintiff interprets this defense as a rebuttal of plaintiff's claim for causation of damages and
therefore as a redundant.  To the extent that Reed intends this as a restatement of its after-
acquired evidence defense, it should be stricken for the same reasons as Reed's Fourteenth
Additional Defense.

To streamline this litigation and clarify the defenses at issue, the court should strike these defenses as redundant. *See Barnes*, 718 F. Supp. 2d at 1173-74 (striking as mere rebuttal of plaintiff's claims AT&T's second, third, fourteenth, seventeenth, eighteenth, nineteenth, twenty-second and twenty-third affirmative defenses because they "simply provide a basis to negate an element of Barnes' prima facie case for relief and are restatements of denials present in earlier parts of the complaint."); *Minns v. Advanced Clinical Employment Staffing LLC*, 13-CV-03249-SI, 2014 WL 5826984, at *4 (N.D. Cal. Nov. 10, 2014) (striking denials disguised as affirmative defenses).

### III.    CONCLUSION

For all the foregoing reasons, the Court should grant plaintiff's motion to strike defendant Reed's First Additional Defense; Second Additional Defense; Third Additional Defense; Eighth Additional Defense; Tenth Additional Defense; Thirteenth Additional Defense; Fourteenth Additional Defense; Fifteenth Additional Defense (b), (c), (d), and (e); Sixteenth Additional Defense; Eighteenth Additional Defense; Nineteenth Additional Defense; Twenty-First Additional Defense; Twenty-Second Additional Defense; Twenty-Third Additional Defense; Twenty-Fifth Additional Defense; and Twenty-Sixth Additional Defense.

DATED this 5th day of June, 2015.

ANGELI UNGAR LAW GROUP LLC

By:    *s/ David Angeli*
       David H. Angeli, OSB #020244
       Kristen L. Tranetzki, OSB #115730
       Telephone: (503) 954-2232

BUCHANAN  ANGELI  ALTSCHUL  &
SULLIVAN LLP

       Courtney W. Angeli, OSB #941765
       Robin Bowerfind, OSB #035949
       Telephone: (503) 974-5015

       Attorneys for Plaintiff John Doe