IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN DOE,

    Plaintiff,

v.

THE REED INSTITUTE (aka Reed College)
and JANE ROE,

    Defendants.

Case No. 3:15-CV-00617-MO

OPINION AND ORDER

MOSMAN, J.,

On August 6, 2015, I held a hearing in the above-entitled action. At issue are Plaintiff's Motions to Strike Affirmative Defenses Asserted by the Reed Institute [22] and Jane Roe [30]. By this Order, I announce my determinations regarding Plaintiff's Motions.

**Plaintiff's Motion to Strike Affirmative Defenses Asserted by *the Reed Institute* [22]**

| Affirmative Defense No. | Determination |
|---|---|
| **#13: Clear and Present Danger**<br>*Reed's actions in removing Doe from its campus were justified in that it reasonably believed that he presented an unacceptable risk and danger to the campus community. (Answer ¶ 98.)* | DENY |
| **#15: subsections (b),(c), and (d): Impermissible Requests for Relief**<br>*Doe requests relief that is beyond the authority of this court, Improper, and unavailable to Plaintiff:*<br>*b. Doe's demand that Reed alter its academic and disciplinary record, expunge his record, and confirm* | GRANT |

1 – OPINION AND ORDER

| | |
|---|---|
| *the removal of disciplinary findings against him would be in violation of the federal and state Constitutions in that it would compel persons to make statements when they have a protected constitutional right not to make such statements.*<br>*c. Doe's demand that a person at Reed provide a "notarized letter" confirming charges have been expunged would require such a person to swear falsely or to imply, falsely, that Doe was not disciplined or did not merit discipline, and would result in compelled speech, which would be in violation of the federal and state Constitutions. Such a representation would also present a clear danger to other institutions who might rely on such statements and admit Plaintiff as a student, which would allow him to continue his dangerous conduct and place others in harm's way.*<br>*d. Doe's demand that Reed be required to re-enroll Doe after his withdrawal and expulsion would represent an unconstitutional intrusion upon the freedom of association of the members of Reed's academic community. (Answer ¶ 100.)* | |
| **#21: Adequate Remedy at Law**<br>*To the extent that Plaintiff has an adequate remedy at law, his complaint for injunctive relief is barred. (Answer ¶ 106.)* | GRANT |
| **#15: Impermissible Requests for Relief**<br>*Doe's demand that Reed be required to re-enroll Doe would be futile in that he would immediately be subject to investigation and charges for further misconduct discovered after his expulsion. (Answer ¶ 100.)* | DENY |
| **#16: No Private Right of Action for Administrative Requirements**<br>*No private right of action for any alleged violation of Dept. of Education administrative requirements. (Answer ¶ 101.)* | DENY |
| **#25: Disparate Impact**<br>*To the extent Plaintiff seeks to recover on the basis of a disparate impact, as is alleged in the complaint, such claim fails as a matter of law in that Title IX does not permit a challenge based on a disparate impact. (Answer ¶ 110.)* | DENY |
| **#14: After-Acquired Evidence**<br>*Subsequent to Doe's expulsion Reed learned of additional conduct which reasonably justified* | DENY |

2 – OPINION AND ORDER

| | |
|---|---|
| *expulsion and which precludes the relief sought by Doe. In particular, that conduct learned after Doe's expulsion would result in his being denied permission to re-enter Reed or, if he should, would result in immediate conduct charges against him. Moreover, the nature of Doe's collected misconduct stands as a bar to Reed making a report to others that Doe does not present a risk of harm. Roe is not the only woman who has reported Doe's use of illegal drugs and alcohol to intoxicate or incapacitate women in order to facilitate his sexual encounters with them. (Answer ¶ 99.)* | |
| **#23: Failure to Mitigate** *If damaged, Plaintiff failed to make reasonable efforts to mitigate any damages. (Answer ¶108.)* | DENY |
| **#1: Rights of Private College** | DENY |
| **#2: Compliance with Law** | DENY |
| **Defense #3: Fair and Equitable Proceedings** | DENY |
| **#8: Failure to State a Claim for Relief** | DENY |
| **#10: Defamation Claim Insufficient as a Matter of Law** | DENY |
| **#18: Reasonable Expectations** | DENY |
| **#19: Health and Safety** | DENY |
| **#22: Consequences of Own Conduct** *If Plaintiff was damaged, it was a result of his own conduct as alleged above and as discovered after his expulsion. (Answer ¶ 107.)* | DENY |
| **#26: Trade Practices Theory Insufficient as a Matter of Law** | DENY |

//

3 – OPINION AND ORDER

**Plaintiff's Motion to Strike Affirmative Defenses Asserted by *Jane Roe* [30]**

| Affirmative Defense No. | Determination |
|---|---|
| **#2: Waiver**<br>Jane . . . alleges that under the terms and provisions of the DHSM and other applicable Reed policies, John has waived any rights to bring this action against Jane. (Roe Answer ¶ 69.) | DENY |
| **#3: Estoppel**<br>"under the terms and conditions of the DHSM and other Reed policies, John agreed not to retaliate and not to take any adverse action against Jane" and that "Jane's actions were taken in good-faith reliance upon the DHSM . . ., including the DHSM section on retaliation." (Roe Answer ¶ 70.) | DENY |
| **#12: Contractual Provision**<br>Jane incorporates the foregoing and alleges that John waived, by virtue of his contract with Reed and with Jane, his right to seek redress for any statements made by Jane to Reed College. Alternatively, Jane is a third-party beneficiary to John's contract with Reed, such that she is entitled to seek enforcement of its provisions. (Roe Answer ¶ 79.) | DENY |
| **#10: Failure to Mitigate**<br>By way of tenth affirmative defense, Jane . . . further alleges that John has not been damaged in any respect by her actions, but that, in the event that John has been damaged, John has failed to make reasonable efforts to mitigate those damages. (Roe Answer ¶ 77.) | DENY |
| **#1: Failure to State a Claim** | DENY |

IT IS SO ORDERD.

DATED this  17th  day of August, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER