**DAVID H. ANGELI**, OSB No. 020244
 david@angelilaw.com
**KRISTEN L. TRANETZKI**, OSB. No. 115730
 kristen@angelilaw.com
Angeli Ungar Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR  97204
Telephone:  (503) 954-2232
Facsimile:  (503) 227-0880

**COURTNEY W. ANGELI**, OSB No. 941765
 courtney@baaslaw.com
**ROBIN BOWERFIND**, OSB No. 035949
 robin@baaslaw.com
Buchanan Angeli Altschul & Sullivan LLP
321 SW 4th Avenue, Suite 600
Portland, OR  97204
Telephone:  (503) 974-5015
Facsimile:  (971) 230-0337

Attorneys for Plaintiff John Doe

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOHN DOE**, <br><br>  Plaintiff, <br><br> v. <br><br> **THE REED INSTITUTE** **(aka, Reed College)** and **JANE ROE**, <br><br>  Defendants. | Case No.: 3:15-cv-00617-MO <br><br> **ORDER GOVERNING TREATMENT OF PROTECTED NONPARTY EDUCATION RECORDS SOUGHT IN DISCOVERY** |

The parties recognize that some of the discovery materials plaintiff John Doe seeks pursuant to Fed. R. Civ. P. 26, Fed. R. Civ. P. 33, Fed. R. Civ. P. 34, and Fed. R. Civ. P. 36 may constitute the "education records" of non-party current or former Reed College students, as defined by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") and 34 C.F.R. § 99.3, and may include personally identifiable information.

These non-party student records may be released pursuant to a judicial order, without the students' prior consent, as set forth in 20 U.S.C. §1232g(b) and 34 C.F.R. § 99.31(a)(9)(i), provided the student whose education records are at issue has an opportunity to seek protective action. The parties held a discovery status conference before the Court on July 1, 2015, to request the Court's assistance in production of these materials in the instant matter.

Based upon the above information and the information the parties presented to the Court, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. Reed shall produce the following categories of documents requested by plaintiff: (1) open and closed non-privileged disciplinary files of any student against whom a report or complaint was made alleging a violation of Reed's Sexual Harassment Policy or Reed's Discriminatory Harassment and Sexual Misconduct Policy (including reports made directly to Reed and that do not include a formal student complaint to the Reed Judicial Board), made to Reed between August 1, 2008 and June 1, 2015; (2) open and closed non-privileged disciplinary files of any student against whom a report or complaint was made alleging a violation of Reed's "Honor Principle", made to Reed between August 1, 2008 and June 1, 2015, involving: (i) sexual insensitivity or misconduct; (ii) relationship abuse; or (iii) intimate partner violence (including reports made directly to Reed and that do not include a formal student complaint to the Reed Judicial Board); and (3) open and closed non-privileged disciplinary files of any student alleged

to have violated the Reed's Alcohol and Other Drugs Policy between August 1, 2008 and June 1, 2015. Nothing herein shall require Reed to produce confidential communications between students and pastoral counselors, between students and staff at Reed's College Health & Counseling Center (including professional licensed counselors and health center personnel), and between students and victim advocates, except to the extent that any such communications referenced in this sentence may subsequently have been disclosed with the student's consent during a disciplinary investigation.

2. The following protocol is adopted for treatment of the above-identified materials subject to FERPA:

3. Before producing any education record, Reed shall make a reasonable effort in accordance with 34 C.F.R. § 99.31(a)(9)(ii) to notify the non-party student(s), or his or her or their parent(s) as applicable, whose record is to be disclosed via discovery. Students whose disciplinary records are to be disclosed as well as students named as victims shall receive this notice. The notice shall provide the following:

> A party in the lawsuit entitled *John Doe v. The Reed Institute and Jane Doe*, Case No. 3:15-cv-0617-MO, now pending before the U.S. District Court for the District of Oregon, Portland Division, has requested records related to allegations of violations of Reed's Sexual Harassment Policy, Reed's Discriminatory Harassment and Sexual Misconduct ("DHSM") Policy, and Reed's Alcohol and Other Drugs ("AOD") Policy, as well as related Honor Principle complaints of violations asserting complaints of sexual insensitivity or misconduct, relationship abuse, or intimate partner violence, for the time period from August 1, 2008 to the June 1, 2015. The Court has ordered that Reed produce these records to the parties of the litigation, pursuant to a Stipulated Protective Order, a copy of which is enclosed. Certain of your education records are subject to this request.
>
> Reed College is required by law to make a reasonable effort to notify you that certain of your education records, as defined by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") and 34 C.F.R. § 99.3, in the above-identified categories may be produced pursuant to the judicial order so that you may seek protective action if you wish. Federal law permits disclosure of education records without prior written consent

if the disclosure is to comply with a judicial order, following a reasonable effort to notify any affected students to allow the affected student to seek protective action.

The Court's Order allows fourteen (14) days from the date of this notice during which time you may seek protective action in accordance with 34 C.F.R. § 99.31(a)(9)(ii). You may do so by submitting a letter to the court at the email address below.

The case is pending in the United States District Court for the District of Oregon (Portland Division), before Judge Michael W. Mosman. The Court's mailing address is:

> 1615 United States Courthouse
> 1000 Southwest Third Avenue
> Portland, Oregon 97204-2945
> Chambers 503-326-8330
> Courtroom Deputy: Dawn_Stephens@ord.uscourts.gov, (503) 326-8024

**Submit Any Request for Protection to MOpropdoc@ord.uscourts.gov**

You may seek further information by visiting the Court's website at www.ord.uscourts.gov.

Reed College cannot provide legal advice to individuals receiving this notice; however, you have a right to seek independent counsel if you wish. If you wish to seek protective action, any such request must be received by the Court no later than 14 days after the date on this notice.

Copies of the relevant federal regulations and the pertinent Court orders are enclosed.

The notice shall not include any other instructions from Reed College. Officials speaking on behalf of Reed College may not provide legal advice to any non-party student or his or her parents with respect to the notice but if any such official is contacted by a student that person may state that the student may advise the court directly of any concerns the student may have, and may generally describe the nature of the student's records in question. Officials speaking on behalf of Reed College shall not disclose the true identities or any personally identifiable information about plaintiff or Defendant Roe.

4. After the fourteen-day notice period expires, and after allowing sufficient time for the Court to advise of any requests for protective action, Reed shall promptly make available the

records for which no request for protective action was made by the respective non-party student. Such records will be made available without redactions and with all personally identifiable information included. If any request for protective action is made by a non-party student during the fourteen-day period, then that non-party student's records shall not be released without further instruction from the Court.

5. The non-party student records are to be treated as "Confidential" or attorney eyes only pursuant to the Protective Order entered by the Court.

6. To the extent any non-party student's records are submitted to this Court, personally identifiable information shall be redacted therefrom, unless consent is given in writing in advance. Alternatively, the parties can elect to file non-redacted versions under seal pursuant to the parties' Protective Order.

DATED: 3rd Sep.'15

/s/ Michael W. Mosman
Judge Michael W. Mosman

SUBMITTED BY:

ANGELI UNGAR LAW GROUP LLC

By: *s/ David Angeli*
David H. Angeli, OSB #020244
Kristen L. Tranetzki, OSB #115730
Telephone: (503) 954-2232

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP

Courtney W. Angeli, OSB #941765
Robin Bowerfind, OSB #035949
Telephone: (503) 974-5015

Attorneys for Plaintiff John Doe