IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JOHN DOE**,

  Plaintiff,

v.

**THE REED INSTITUTE (aka, Reed College)** and **JANE ROE**,

  Defendants.

Case No.: 3:15-cv-00617-MO

**PROTECTIVE ORDER REGARDING NONPARTY DISCOVERY**

  The Court previously ordered that Plaintiff's and Jane Roe's identity should be protected from public disclosure when it granted Plaintiff's Unopposed Motion to Proceed under a Pseudonym (ECF No. 9) and adopted the parties' Stipulated Protective Order (ECF No. 49). The parties may have to use Plaintiff's and/or Roe's real name with nonparty witnesses as part of their investigation and/or discovery. Entry of this Protective Order Regarding Nonparty Discovery ("Protective Order Regarding Nonparty Discovery") is warranted to facilitate their investigation and discovery in this matter and provide for the continued protection of Plaintiff's and Roe's identities.

  Based upon the above information, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

  1. Counsel for the parties may disclose the identity of Plaintiff and Jane Roe to persons who may have factual information about Plaintiff and/or Jane Roe during their factual investigation and/or as part of discovery but only to the minimum extent necessary to litigate this action. No broadcast or widespread disclosure of Plaintiff's or Jane Roe's identity is permitted. Rather, potential witnesses and/or their attorneys, as applicable, should be contacted on an individual basis to be informed about this Order and its requirements.

PAGE 1 – PROTECTIVE ORDER REGARDING NONPARTY DISCOVERY

2. The person responsible for disclosure ("the Disclosing Person") shall inform any potential witness to whom he or she discloses Plaintiff's or Jane Roe's identity in connection with the litigation, where that potential witness did not already know either or both identity, that the individual should not further disclose Plaintiff's or Jane Roe's identity in connection with the litigation except: (1) as necessary to litigate this action, (2) to obtain legal advice, (3) for medical treatment or counseling, or (4) as may be permitted by the Court upon application by such potential witness. Before further disclosing Plaintiff's or Roe's identity to litigate this action, the potential witness must first obtain confirmation from the Disclosing Person that such disclosure is actually necessary to litigate this action.

3. Prior to disclosing Plaintiff's or Jane Roe's identity to a potential witness as part of his or her investigation and/ or discovery, the Disclosing Person shall ensure that the witness has first read this Order Regarding Nonparty Discovery.

4. Prior to disclosing Plaintiff's or Jane Roe's identity to a potential witness as part of his or her investigation and/or discovery, the Disclosing Person shall obtain the witness's assurance that the witness will not disclose Plaintiff's or Jane Roe's identity to the media in connection with the litigation without the consent of counsel for the person whose identity is subject to disclosure.

5. If any specific issues related to non-disclosure of Plaintiff's or Jane Roe's identity arise during the course of litigation, counsel shall seek to resolve those issues without court intervention. If counsel cannot agree, they shall seek further clarification from this Court.

DATED this 11th day of January, 2016.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge