**Paula A. Barran,** OSB No. 803974
pbarran@barran.com
**Richard C. Hunt**, OSB No. 680770
rhunt@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendant The Reed Institute

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| **JOHN DOE,** | **CV. 3:15-cv-00617-MO** |
| Plaintiff, | |
| v. | **DEFENDANT THE REED INSTITUTE'S RESPONSE TO PLAINTIFF JOHN DOE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| **THE REED INSTITUTE** (aka, Reed College) and **JANE ROE,** | |
| Defendants. | |

### INTRODUCTION

Defendant the Reed Institute ("defendant") files this response to plaintiff's Motion to Compel Production of Documents ("Mot. to Compel"). Plaintiff has not requested oral argument, but if the court wishes, defendant would be pleased to appear with members of the team who are working on the production of documents to address any questions the court may have about the volume or pace of production. Defendant made this same offer to plaintiff, who

Page 1 - DEFENDANT THE REED INSTITUTE'S RESPONSE TO PLAINTIFF JOHN DOE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

has said that "you won't need to bring in all of the folks who are working hard on getting the documents processed and produced. I believe you and we don't contest that." Mot. to Compel, Exhibit 11, p. 1. But plaintiff urged defendant to "prevail on the court" to grant a further extension of discovery, *Id.,* in spite of the court's statement that no further extension would be granted.

The basis for plaintiff's current motion is his expressed intent to review every document, no matter how remotely relevant, before taking any depositions. FRCP 26(d)(2)(A) contemplates methods of discovery occurring in any sequence, and plaintiff has not identified any outstanding documents that would materially change his claims, arguments, or strategy. Plaintiff does not dispute that the documents most relevant to his expulsion have already been produced.

Reed has produced in excess of 40,000 pages of discovery, prioritizing the most important documents and those responsive to plaintiff's requests, and even changing priorities when plaintiff requested. Except for non-party student records, plaintiff's motion does not identify any outstanding documents. Reed has already produced all known student files that proceeded to a board hearing from 2008 to 2015. The remaining disciplinary files not yet produced relate to claims that were investigated which did not proceed to a hearing, the great majority of which relate to underage drinking and marijuana which are only remotely relevant to plaintiff's case. Plaintiff knows who he wants to depose, and cannot credibly argue he needs all document discovery by April 1 in order to identify or prepare for depositions.

This motion is supported by the declarations of Paula A. Barran and Anthony D. Kuchulis which together address the issues raised by plaintiff's motion.

///

///

///

Page 2 -  DEFENDANT THE REED INSTITUTE'S RESPONSE TO PLAINTIFF JOHN DOE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

# DISCUSSION

1. **Plaintiff's brief does not comply with local rules, is materially inaccurate, and seeks to avoid the court's ruling on the deadline to complete discovery.**

    A.    <u>Plaintiff's filing does not comply with Local Rules on Discovery Motions.</u>

Plaintiff's filing does not comply with the page limits or word-count requirements established by LR26-3(b)(1) and LR 26-3(b)(2). This is the second time that plaintiff has not met the requirements of LR 26-3 in this case. *See* ECF No. 65, (granting motion to strike impermissible reply). Plaintiff additionally does not comply with LR 37-1 (requiring a moving party to provide only the pertinent request and responses). Instead, the court and defendant must rummage through his first four exhibits (67 pages) consisting of two complete requests for production and two complete responses which duplicate the requests. The additional 31 pages consist of assorted communications between counsel whose relevant passages, if any, are unmarked and which are barely identified in the memorandum.

    B.    <u>Plaintiff's filing is materially inaccurate.</u>

In the certificate plaintiff inaccurately states that he had attempted to confer in good faith regarding his motion, but that "counsel for Reed did not make herself available." He leaves out how defendant (not plaintiff) sought to initiate a conversation to discuss scheduling issues and how plaintiff refused a reasonable request to have two discussions – one for scheduling and identifying witnesses, and one to discuss the ten-page letter plaintiff sent on Friday, March 11, 2016, which threatened to file a motion to compel by the following Tuesday morning and stated that defendant had only until that time to confer. Plaintiff's demand to discuss the ten-page letter immediately upon its receipt was a substantial impediment to an immediate conference, but defendant nevertheless asked for an opportunity to study it and to set two conversations, one to discuss scheduling and another to discuss the letter after defendant had a chance to read and review it. Plaintiff declined.

When Reed received the letter, it promptly began reviewing the issues so it could

Page 3 - DEFENDANT THE REED INSTITUTE'S RESPONSE TO PLAINTIFF JOHN DOE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

00561508.4

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

respond, but a sufficiently thorough review could not be concluded in the time from Friday morning to Monday noon, when the parties discussed a time to speak. When defendant asked for two separate conversations, plaintiff maintained that scheduling was too intertwined with the issues in the letter and refused to separate the conversations, demanding instead that Reed confirm it would have all document production competed by April 1, 2016 (which plaintiff already knew was not possible). Plaintiff filed his motion the second business day after sending his letter, having never agreed to set a reasonable time to discuss the letter, and then created the inaccurate impression with the court that Reed had never responded at all. Plaintiff's own failure to confer by phone or in person about scheduling, and his failure to allow Reed reasonable time (more than two business days) to evaluate the lengthy and detailed issues raised in the ten-page letter does not satisfy the requirements of LR 7-1(a)(1).

Plaintiff's footnote 5 is similarly inaccurate. He suggests that he is wronged because defendant's counsel will be in trial in June, but he has known for weeks that defendant's counsel has scheduled trials in 2016 – he acknowledged that in his motion for an extension. ECF No. 67. He also makes no mention that defendant told him four days before he filed the motion to compel that other attorneys who might cover any June depositions needed to know the dates to hold for them, dates which he has still declined to supply for witnesses he has still declined to identify. Mot. to Compel, Ex. 5, p. 1.

2. **Plaintiff knows the witnesses he wants to depose and has sufficient and meaningful document discovery about them.**

Plaintiff's complaint, filed in April 2015, named Jane Roe personally and identified at least a dozen individuals (sometimes by descriptions, sometimes by initials, and sometimes by names) in the 208 paragraphs comprising the statement of facts. ECF No. 1. During the internal appeal process, long before the complaint was filed, plaintiff had engaged a private investigator to interview possible witnesses. Plaintiff's initial disclosures, served September 2, 2015, listed 30 possible witnesses. Defendant identified 42 possible witnesses in its initial disclosures, and as

Page 4 -  DEFENDANT THE REED INSTITUTE'S RESPONSE TO PLAINTIFF JOHN DOE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

required by the rules, described subjects on which those witnesses could testify.  Separately, defendant Roe provided plaintiff a list of 11 witnesses.  Reed's robust public website identifies key individuals in its administration, and its Title IX webpage identifies the Title IX Coordinator and deputies.  There is a separate webpage on Sexual Assault Prevention and Response which identifies the Assistant Dean of Sexual Assault Prevention and Response, and describes Community Safety and identifies its staff.  Plaintiff's Second Request for Admissions, served March 11, 2016, names 6 individuals who had already been referenced by defendant in its initial disclosures.  Plaintiff also served a notice of deposition under FRCP 30(b)(6) without scheduling a date.  On November 24, 2015 Reed supplied designations for the 26 categories of information listed in the notice.  Despite all of this, plaintiff has not taken a deposition since filing the complaint almost a year ago, not even the deposition of his accuser Roe whom he has sued. Reed has also been very diligent in its document production efforts (as Mr. Angeli acknowledges), and has responded to the frequent emails and letters from plaintiff, even though these regularly contain errors, or new or repeated demands as well as unfounded accusations.

When plaintiff filed this motion claiming he could not adequately prepare for any depositions, he had already received approximately 40,000 pages of documents from defendant. He offers no explanation for why those 40,000 pages leave him unable to select or question witnesses, and he offers no explanation for why he suspects that documents that remain to be produced may contain previously unidentified key witness names.  Plaintiff also produced about 5,000 pages of discovery himself.  He waited eleven months before he asked to schedule depositions, but even then requested only two of the members of the hearing board that heard the charges against him, names he had known while still enrolled at Reed in 2014.  Even though he sued defendant Roe, it was Reed who initiated the scheduling of that deposition and obtained an acceptable date from Roe.  But plaintiff issued the notice of deposition for that date and time (before defendant could do so), and then canceled the deposition.  Reed has rescheduled it.

Page 5 -  DEFENDANT THE REED INSTITUTE'S RESPONSE TO PLAINTIFF JOHN DOE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Reed took plaintiff's deposition in November, 2015. During his testimony plaintiff identified many individuals that might potentially have relevant information. On February 9, 2016 Reed followed up on some of that information and took the depositions of three nonparty witnesses; plaintiff attended and cross-examined without apparent difficulty. These nonparty witnesses collectively referenced individuals who may have relevant information. Plaintiff cannot credibly argue that he is not able to identify witnesses in this case.

**3.    Reed's responses to discovery have been significant and substantial.**

Plaintiff devotes nearly two pages of the memorandum to complaining about documents that defendant *has* produced. He devotes only a few lines to his belief that documents exist that he has not yet seen, but does not say what he thinks those documents might be. Defendant, for its part, continues to be processing disciplinary files of students, but believes that it has more than met the commitment it made in its responses to the two document requests that are the subject of this motion. Plaintiff outlines the production he is seeking to compel as follows: (1) all documents responsive to his first request for production; (2) all documents responsive to his second request for production; and (3) non-party disciplinary files, which were requested in his first request, but later modified by court order.[1] Each of those categories is discussed below.

A.    <u>The specific documents referenced as possibly responsive to plaintiff's First Request for Production have been produced.</u>

With respect to the first category of documents, plaintiff elaborates on his demand by stating that it is "including but not limited to" four subsets of documents – the first three of which repeat the same request for documents already produced by Reed, "[a] Plaintiff and Roe's academic and disciplinary files…[b] Plaintiff's disciplinary files… [c] the ARMS reports and investigation documents relating to plaintiff." Disciplinary investigations at Reed are recorded in documents entitled "ARMS reports" so plaintiff's third request is duplicative of the first two.

---

[1]    *See,* Order Governing Treatment of Protected Nonparty Education Records Sought in Discovery (dated September 3, 2015), as modified by separate Order on October 6, 2015, and further clarified on October 19, 2015.

00561508.4

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

But Reed has produced the parties' disciplinary and academic files.  Any time plaintiff identified specific documents he believed were outstanding, Reed made a rigorous effort to locate those files within the electronic data collected for purposes of discovery, and to identify any additional documents that might be located though a reasonably diligent search.

Plaintiff's last point requests "any police communications that are reflected in any Disciplinary File produced pursuant to the court's order."  Reed has already produced its memorandum(s) of understanding with the Portland Police Bureau, partnership agreements, and related correspondence with the Bureau.  To the extent that a student's disciplinary file may contain additional communications with police, those documents have been or are being produced with their corresponding disciplinary files.  More importantly, plaintiff's motion fails to explain how a very few potentially outstanding police communications in disciplinary files of non-party students (some dating back to 2008, before plaintiff even enrolled at Reed) prevent him from preparing for depositions or even identifying witnesses to depose in his lawsuit about his own discipline in 2014.

B.    <u>Reed has produced Mr. Granger's resume and job descriptions.</u>

Plaintiff's next demand only identifies two allegedly outstanding documents from his second request for production of documents, the formal job description for the position of director of community safety and Gary Granger's resume.  On March 22, 2016, Reed produced the job description and resume within one week of plaintiff filing this motion.  That response may well have been in plaintiff's hands even faster if plaintiff had not submitted 17 additional itemized demands for Reed to research and respond to with a unilaterally imposed deadline only two days after filing the motion to compel, to add to the ten-page letter he sent Reed on March 11, 2016.  Reed spent upwards of ten hours investigating those demands, which it also responded to on March 22, 2016.

///

00561508.4                                      BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

C.    <u>Reed has made a significant effort to produce a great number of student disciplinary documents and believes it will complete that production before the June 29, 2016 discovery deadline.</u>

Reed has devoted substantial effort and resources (at Reed, with its counsel, and an outside vendor) to responding to plaintiff's request for every student disciplinary matter since 2008. To date, those efforts have been at a significant cost, involving more than 3,500 attorney and paralegal hours (not counting the time of Reed's own administrative staff) as well as incurring $74,720.16 in ESI vendor costs. Reed has produced more than 40,000 pages of documents, 17,000 of which are student disciplinary records. All of the known student disciplinary matters that proceeded to a board hearing since 2008 were produced well in advance of plaintiff's motion.

Plaintiff knows that his statement that "of the relatively few sexual misconduct files that have apparently been produced, many are missing critical information" is inaccurate. First, Reed has produced far more than "relatively few" records. To date, Reed has produced disciplinary records as they relate to over 1,000 students involved in either a board hearing or misconduct investigation. That cannot be properly characterized as "relatively few," especially given Reed's small size (its website puts current enrollment at 1,453 students.) Second, two days after filing this motion to compel, plaintiff identified a handful of documents he believed to be missing. Counsel for Reed researched those issues and quickly responded that out of the issues and documents plaintiff claimed were "missing," most related to either documents already produced, documents that had never existed at all, or came from plaintiff's misunderstanding of the data. These are the kinds of issues that have taken many hours overall to address, and one of the key reasons Reed counsel asked for a little time to review and research plaintiff's March 11, 2016 letter before discussing it.

The remaining student disciplinary files are in progress and will be produced when the time-consuming redactions are completed. Given the scope of plaintiff's requests, and

00561508.4

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

redactions needed to protect student information, it is not surprising that Reed is unable to promise a date certain by which every document that satisfies plaintiff, regardless of how tangentially related to plaintiff's claims, will have been produced. In contrast to the sharp tone of plaintiff's motion, when Reed counsel expressed that perhaps it would be best, after all, to offer the court an opportunity to speak to the Reed team about their discovery work, Mr. Angeli demurred: "you won't need to bring in all of the folks who are working hard on getting the documents processed and produced. I believe you and we don't contest that."

## CONCLUSION

Reed has made every reasonable effort to respond to plaintiff's extensive and burdensome discovery requests, inconsistent demands, and to correct many misunderstandings on plaintiff's part. It cannot move any faster to complete the non-party files without compromising its fidelity to the court's order. Reed attempted, with no success at all, to set a time to discuss scheduling and a later time to discuss the lengthy and inaccurate letter that plaintiff sent, but plaintiff adhered to his unilateral and unreasonable position that they both had to be discussed at the same time, allowing all of two business days, and then inaccurately describing to the court the communications that had taken place. Defendant asks the court to deny plaintiff's motion.

DATED this 30th day of March, 2016.


BARRAN LIEBMAN LLP


*s/Paula A. Barran*
By _____
        Paula A. Barran, OSB No. 803974
        pbarran@barran.com
        Richard C. Hunt, OSB No. 680770
        rhunt@barran.com
        Attorneys for Defendant The Reed Institute

00561508.4

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2016, I served the foregoing **DEFENDANT THE REED INSTITUTE'S RESPONSE TO PLAINTIFF JOHN DOE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** on the following parties at the following addresses:

David H. Angeli
Kristen L. Tranetzki
Angeli Ungar Law Group LLC
121 SW Morrison Street, Ste. 400
Portland, OR 97204
  Attorneys for Plaintiff

Courtney W. Angeli
Robin Bowerfind
Buchanan Angeli Altschul & Sullivan LLP
321 SW 4th Avenue, Ste. 600
Portland, OR 97204
  Attorneys for Plaintiff

Bonnie Richardson
Folawn Alterman & Richardson LLP
805 SW Broadway, Ste. 470
Portland, OR 97205
  Attorneys for Defendant Jane Roe

by the following indicated method or methods on the date set forth below:

    ☑    Electronic filing using the court's ECF System

    ☐    Facsimile

    ☐    First-class mail, postage prepaid

    ☐    Hand-delivery

    ☐    Electronic Mail

*s/Paula A. Barran*
_____
Paula A. Barran
Richard C. Hunt

00561508.4

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212